CLAUD MCCOLLOH, ALIAS SCANLON, V. THE STATE.

No. 2379. Decided June 11, 1902.

**1.—Evidence—Statements of Defendant While in Arrest.**

No statement, written or verbal, of a defendant while he is in jail, and when he has not been properly warned, can under the law be admitted in evidence against him.

**2.—Same—Letters Written by Defendant—Corroboration of Accomplice.**

The above rule excludes statements of acts or conduct from which the guilt of defendant might be inferred, and embraces letters of an incriminatory character written by a defendant in jail, even though such letters might tend to corroborate the testimony of an accomplice.

Appeal from the District Court of Waller. Tried below before Hon. Wells Thompson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

No statement necessary.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The only matter we deem necessary to pass upon is the question raised by the second bill of exceptions. The State, over the objection of appellant, was permitted to introduce Cohn Moore, who testified, "that while defendant and himself were under arrest and in jail, the letters I hold in my hand were given to me by Elijah Washington, who was also in jail. I am well acquainted with defendant's handwriting, and these letters were written by defendant, Claud McColloh. The first letter was given me on Friday, March 14, 1902, and the others on Saturday, the 15th." Then follow several letters incriminating appellant. Appellant objects to the introduction of said letters on the ground that he was under arrest and confined in jail at the time the same were written, and no predicate had been laid by the State for the introduction of said letters, and that same were not delivered after legal warning. The trial court appends the following explanation to the bill: "The letters introduced were shown to have been clandestinely written by defendant McColloh to one of his accomplices in the crime, and delivered by a party in jail to said accomplice, and by said accomplice to district attorney. Defendant's counsel had brought out by cross-examination the fact that the accomplice who turned State's evidence had made a different statement in writing to Jno. M. Pinckney, who, it appears, was at that time of counsel for defendant McColloh, and these letters were introduced to corroborate the testimony of the accomplice that what statement he made to said Pinckney was made at the suggestion of defend-

ant McColloh." This explanation does not render the testimony admissible. In Rix v. State, 33 Texas Crim. Rep., 358, we held that appellant being in jail, and not having been warned, no statement, written or verbal, of appellant while in jail could under the law be admitted in evidence against him. As indicated in the trial court's explanation, although the letters might tend to corroborate the accomplice, yet such evidence must be legal and admissible. Our statute relating to and prescribing the rules under which admissions or confessions of a party under arrest may be used against him have uniformly been construed to embrace the statements of acts or conduct from which guilt might be inferred. Powers v. State, 23 Texas Crim. App., 42. This question received consideration by this court in Haney v. State, 2 Texas Crim. App., 174. We there held: "Now, it is clear that, under the circumstances detailed, had the defendant plainly, positively and unequivocally admitted and confessed-to Rush that he had written and was the author of the letter to Foster, Rush could not have testified to that admission or confession. Why? Because defendant at the time it was made was in custody." So it does appear that the uniform trend of authorities is against the admission of letters as well as other statements, unless the party at the time the letters are written or delivered is duly warned as provided by the statute.

Because the trial court erred in admitting said letters in evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*