### N. P. POSS v. THE STATE.

No. 3095.    Decided December 17, 1904.

**1.—Bigamy—Statutes Construed—Charge of the Court.**

Where upon a trial for bigamy defendant testified that he had not heard of the existence of his first wife for some seven or eight years prior to his intermarriage with his second wife, the court should have submitted the second portion of article 345 Penal Code.

**2.—Indictment—Against the Peace and Dignity of the State.**

Indictments must conclude against the peace and dignity of the State.

Appeal from the District Court of Titus. Tried below before Hon. P. A. Turner.

Appeal from a conviction of bigamy; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ralston, Ward & Hutchings,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of bigamy, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

Appellant requested a charge, embracing the defense as provided in article 345, Penal Code. We do not think, under the facts of this case, that the first portion of said article applies. In that portion it is provided that the article in reference to bigamy shall not extend to any person whose husband or wife shall have continuously remained out of the State for five years, the person marrying not knowing the other to be living within that time. The proof here shows that appellant mar-

ried his former wife in the State of Georgia, and that some eight years previous to his marriage in Texas his former wife separated from him and went to South Carolina; that he lived in Georgia a number of years and came to Texas, about a year and some months before his intermarriage with his Texas wife. His Georgia wife had never been in Texas. He had not been in Texas five years, and consequently the first portion of said article, in our opinion, does not apply. However, the subsequent provision does apply. In this it is provided that, if one of the spouses shall have voluntarily withdrawn from the other, and remained absent for five years, the person marrying again, not knowing the other to be living within that time, in such case article 344, Penal Code, with reference to bigamy, does not apply. The proof here shows substantially, as stated above; and further shows, by the evidence of appellant, the only witness on that point, that he had not heard of the existence of his wife for some seven or eight years prior to his intermarriage with his Texas wife. There was no proof counterveiling this, unless it be some evidence as to appellant's statement that he had a living wife, whom he had married in Georgia, and in our opinion the charge on that subject should have been given by the court. The general charge contained nothing on the subject. It occurs to us that the statute makes this a complete defense, and the question of presumption of life or death, after an absence of five years, is not in the case. If appellant shall prove the essential features of either of the provisos as contained in article 345, then appellant is entitled to a verdict, unless the State shall offer some rebutting or counterveiling testimony on the issue thus made.

We would further observe that the indictment as contained in this record, does not conclude "against the peace and dignity of the State." This may be a mere clerical error. If not, and the cause is prosecuted, another indictment will have to be found.

Because the court refused to give appellant's requested special instruction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*