### R. A. FERGUSON v. THE STATE.

No. 733. Decided January 18, 1911.

Rehearing denied April 19, 1911.

**1.—Theft of Horses—Change of Venue—Insufficiency of Evidence.**

Where the alleged prejudice was not of such nature and extent as to prejudice a fair trial and there was no evidence showing a combination, there was no error.

**2.—Theft of Horses—Comparison of Handwriting—Arrest.**

Upon trial of theft of horses there was no error in permitting a witness to testify that he saw defendant sign the appearance bond after he had arrested him, and that this was the same handwriting as that on the bill of sale. Following Hunt v. State, 33 Texas Crim. Rep., 252.

### 3.—Same—Evidence—Bill of Exceptions—Practice on Appeal.

Where the bill of exceptions did not recite as a fact that the defendant had objected to the introduction in evidence of the bill of sale because it had not been filed properly and defendant given notice thereof, the same could not be considered on appeal.

### 4.—Same—Evidence—Bill of Exceptions.

Where the objections urged are not stated as facts, and are not verified by the bills as statements of facts, but only as grounds of objection, they can not be considered on appeal; besides, the testimony was admissible.

### 5.—Same—Practice in District Court.

Upon trial of theft of horses there was no error, after the court had read the charge to the jury and before they retired to consider of their verdict, that the court permitted them to take the bill of sale in evidence, and also the appearance bond with them in their deliberations. Following Hurd v. State, 9 Texas Crim. App., 1.

### 6.—Same—Sufficiency of the Evidence.

Where, upon trial of theft of horses, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Sterling. Tried below before the Hon. J. W. Timmins.

Appeal from a conviction of theft of horses; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Jeff D. Ayers* and *Bell & Upton,* for appellant.—Upon question of comparison of handwriting: Nolen v. State, 14 Texas Crim. App., 474; Heacock v. State, 13 Texas Crim. App., 97.

As to question of introduction of bill of sale without notice and without proof of its execution: Graves v. State, 28 Texas Crim. App., 354, 13 S. W. Rep., 149; Morrow v. State, 22 Texas Crim. App., 239.

Upon question of permitting jury to take bill of sale with them: Chester v. State, 23 Texas Crim. App., 577.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with and convicted of theft of three horses.

1. When the case was called for trial appellant filed an application for a change of venue, which was met by a controverting affidavit. We deem it unnecessary to recapitulate or go into a detailed statement of the evidence introduced on this motion. In a general way the witnesses, or some of them at least, state that there was some prejudice against the appellant, and that his case had been talked about in the county. Most of the witnesses testified that it had not been talked about more than other cases pending on the docket, though there is some evidence to the effect that it was discussed perhaps more than is usually the case. However, take the testimony

as a whole, the witnesses showed that appellant could get a fair and impartial trial in that county; that the prejudice was not of such a nature or extent in the county as to preclude a fair trial. There was no evidence introduced showing a combination against him of influential persons, and in fact there seems to have been no evidence going to show there was a combination of any sort or character. We do not, therefore, believe that there was any error on the part of the court in refusing to change the venue.

2. The court permitted the witness Wood to testify that he saw defendant sign the appearance bond and that when he signed said bond the witness had appellant under arrest charged with this offense, and that in the opinion of the witness the name R. A. Ferguson to said appearance bond which was signed by appellant is in the same handwriting as the bill of sale signed by W. R. Capps and Fred Baker. Subsequently there was a motion to exclude this testimony from the jury. The objection urged to this is that it was an act done by the defendant while under arrest, and in the custody of the sheriff, and that his acts while under arrest could not be used against him on the trial. There was no error on the part of the court in permitting this testimony nor in refusing to exclude it. It was introduced and used for the purpose of a comparison of handwriting as indicated by the bill. Hunt v. State, 33 Texas Crim. Rep., 252. In the Hunt case the witness Walker testified that a written application for an attachment made by the defendant was signed by the defendant, and that he was under arrest and in custody of an officer at the time he signed it, and that the signature to said application as well as the signature of E. W. Hunt to two letters shown him were made by the same person and that the signature to the application and the writing of the two letters are the same, and that the documents were written by the same person. Several objections were urged to the introduction of this, all of which were overruled, and the testimony admitted. Objection was urged in that case that the party was under arrest, and this being true, all the acts and statements, etc., of the appellant were inadmissible, and that the State could not by this means prove the signature to the application under the circumstances. The court said: "The act of signing the document was neither an admission nor a confession by the defendant. It was not an act tending to show guilt. It does not come within the letter or reason of the rule. The fact that defendant was in custody when he signed the application would not likely affect the signature in any manner so as to render it unfit for use as a standard of comparison. That he did sign it was no evidence against him. There was no error in this matter." We are of opinion that the question here raised comes within the rule laid down in that decision. There being no error in the admission of the testimony, it was, therefore, not erroneous on the part of the court not to exclude it.

3. The bill of sale was introduced to a bay horse therein de-

scribed transferring the title to Frank Hoffman. This document was signed by W. R. Capps and Fred Baker. Objection was urged on the ground that it was an instrument required by law to be recorded, and that the same had not been filed among the papers for three days before the commencement of the trial and notice given the defendant, and for the further reason that the instrument showed on its face to be witnessed by a subscribing witness, and that the State did not prove the execution of said instrument by said witness or account for his absence, and for the further reason that the testimony as heretofore shown there was a bystander who saw said instrument signed, and testified that the defendant did not sign said instrument, and for the further reason that the State did not prove the execution by any legal testimony. It will be noted that the matters are grounds of objection merely. The bill does not recite as facts the matters urged as grounds of objection. Our decisions are harmonious in holding that grounds of objection will not be treated as facts or recitation of facts. The decisions are further harmonious in holding that the court in approving bills of exception does not certify thereby that the grounds of objection are facts or are legal. The approval of the bill under such circumstances merely certifies the fact that the grounds of objection were urged. As this bill is presented it is not sufficient to require a review of the matters stated.

4. There are two other bills of exception which recite that an attorney representing the State asked the witnesses Tom Wood and Adolph Kappleman quite a number of questions and elicited answers in response thereto before the jury. These matters pertain, in the first bill, to the question of comparison of the signature in the appearance bond and the bill of sale. The objection urged to this is it was an act of the attorney and not that of the witness, same were leading, and that the attorney was trying to make a comparison to the jury of the handwriting, and for the further reason that the witness had not qualified as an expert. These are objections urged and not stated as facts. This bill on its face, we think, shows that this testimony was admissible. The same may be said of the other bill. In the latter bill the attorney was trying to identify the defendant as the man who was with Capps at the time the horses were sold, and the objection urged was that the witness showed to be a willing witness, and the questions were leading in their nature, and were prejudicial. Taking this bill on its face, we are of opinion the questions and answers do not sustain appellant's contention that the witness was a willing one. They had some trouble in getting him to identify appellant positively. He stated, however, finally, in the examination, that the defendant was the man who was one of the parties present at the purchase of the animals and acted in conjunction with Capps in the sale. We do not think these matters present any reason why this case should be reversed, and the objections are

not verified by the bills as statement of facts, but only as grounds of objection.

5. Another bill recites that the court had read the charge to the jury and before that body retired to consider of their verdict State's counsel asked that the bill of sale signed by Capps and Baker and the appearance bond executed by appellant be turned over to the jury to be carried with them in their deliberations. Over objection the jury were permitted to carry these papers with them in their retirement. It was urged as reason why this was illegal; that it was not proper to take instruments for the purpose of comparison or for other purposes, and that if the jury had any right to compare the handwriting of the bill of sale with that in the appearance bond, it was proper for them to do so while they were in the jury box and in the presence of the defendant. These were the two documents that were introduced before the jury, and to which objection was urged in a previous bill, the signature to the appearance bond being used for what it was worth to show that the same man signed the appearance bond as the one who signed the bill of sale. Documents introduced before the jury as evidence may be carried by them in their retirement. The statute, article 731, Code of Criminal Procedure, thus provides: "The jury may take with them on retiring to consider their verdict all the original papers in the case, and any papers used as evidence." This statute has been frequently construed. A collation of some of these authorities will be found in White's Annotated Code of Criminal Procedure, section 873. The jury under this statute is entitled to take with them all written evidence and documents which have been admitted in the case. Herd v. State, 9 Texas Crim. App., 1. It has been held that it was not error to permit the jury to take with them in their retirement a magnifying glass for use in examining papers submitted in evidence. Hatch v. State, 6 Texas Crim. App., 384. It has also been held not to be error to authorize the carrying of clothing which has been used in evidence into the jury room during their retirement. Chalk v. State, 35 Texas Crim. Rep., 116.

6. We are of opinion that the evidence is sufficient to sustain the verdict. Appellant was in Sterling County on the 7th of the month, and it was so shown by the evidence. The horses disappeared from a pasture in a day or so, 8th or 9th of that month. They were sold in Comal and Bexar Counties. Appellant was also there with the horses, and the circumstances show beyond any reasonable doubt that appellant must have carried the horses to that section of the State. The distance from Sterling County to where the horses were sold is shown by some of the testimony to be something like four or five hundred miles. It is evident the horses did not get down there of their own volition, and it is evident from the facts that appellant and the horses disappeared from Sterling County at the same time, and turned up in Comal and Bexar Counties with appellant acting

in connection with them at the time they were sold. We think the evidence sufficiently meets all the requirements of a case of circumstantial evidence.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*

[Rehearing denied April 19, 1911.—Reporter.]