## J. S. Jones v. The State.

No. 3040.   Decided March 4, 1914.

Rehearing denied March 25, 1914.

**1.—Bigamy—Statement of Facts—Bills of Exception.**

A statement of facts must be prepared and filed within ninety days from the adjournment of the term of court at which the cause is tried, or within ninety days after the motion for new trial is overruled and notice of appeal given in case the term of court continues for a term longer than eight weeks.

**2.—Same—Bills of Exception.**

The statute provides for the filing of bills of exception within thirty days after the same time without any order of court, but authorizes the court to grant longer than thirty days, but not to exceed ninety days under the same time and terms which the statement of facts can be filed.

**3.—Same—Statement of Facts—Bills of Exception—Rehearing.**

Where the case was affirmed because the statement of facts was not filed in the court below and the bills of exception were filed too late, but on motion for rehearing it was made to appear that these were properly filed, the same are now considered.

**4.—Same—Indictment—Filing.**

Where it was claimed that the return of the indictment showed an impossible date, but the record showed that it was properly returned and filed in the lower court on a proper date, there was no error.

**5.—Same—New Rules of Procedure.**

Under the new rules of procedure which took effect since July 1, 1913, only such matters as are presented in defendant's motion for new trial can be assigned as error and considered by this court. Following Gant v. State, recently decided.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of bigamy, the evidence sustained the conviction, there was no error on that ground.

**7.—Same—Requested Charge—General Objections.**

An objection that the court erred in refusing to submit defendant's special

charge No. 1 is entirely too general to be considered; besides, there was no error in the court's refusal of the same.

**8.—Same—Bills of Exception—Comparison of Handwriting.**

Upon trial of bigamy, there was no error in permitting the sheriff to testify about procuring defendant to write copies of a purported letter he had, on the ground that it was written in jail, the same being admitted only for the purpose of comparing his handwriting; besides, the bill of exceptions was defective. Following Ferguson v. State, 61 Texas Crim. Rep., 152, and other cases.

**9.—Same—Evidence—Bill of Exceptions.**

Where defendant objected to the introduction of a petition for divorce against his former wife after he had remarried, but the bill of exceptions failed to state the contents of said petition, there was no error; besides, the matter was testified to by defendant himself.

**10.—Same—Charge of Court—Fabricating Testimony.**

Where, upon trial of bigamy, defendant claimed as a defense that he had received a letter showing that his former wife was dead and there was testimony that this letter was a fabrication, yet the court, in his charge, submitted this theory of the defense, and also submitted a full charge on the law as applicable to the facts, there was no error.

Appeal from the District Court of Van Zandt. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of bigamy; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Reese & Hubbard,* for appellant.—On question of admitting in evidence petition for divorce: Poss v. State, 83 S. W. Rep., 1109.

On question of admitting copies of letter in evidence: Clay v. State, 56 S. W. Rep., 629; Barnard v. State, 73 S. W. Rep., 957.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of filing indictment: Smith v. State, 102 S. W. Rep., 407.

PRENDERGAST, PRESIDING JUDGE.—This is an appeal from a conviction for bigamy with the lowest penalty assessed.

The indictment was returned by the grand jury and filed in the lower court on March 20, 1913. The term of court at which this trial was had convened October 13th and adjourned on November 7, 1913. At the time the motion for new trial was overruled, the court allowed sixty days after adjournment to file the bills of exception and statement of facts. There is with the record what purports to be a statement of facts but it shows not to have been filed at all in the lower court. The several bills of exception show to have been filed seventy-seven days after the adjournment. The Assistant Attorney-General has made a motion to strike out and not consider said statement of facts and bills of exception, because the statement of facts was not filed at all in the court below and the bills of exception were filed seventy-seven days after adjournment. The statute authorizes a statement of facts to be prepared

and filed within ninety days from the adjournment of the term of court at which the cause is tried, or within ninety days after the motion for new trial is overruled and notice of appeal given in case the term of court continues for a term longer than eight weeks. The statute also provides for the filing of bills of exception within thirty days after the same time without any order of court, but authorizes the court to grant longer than thirty days and not to exceed ninety days under the same time and terms which the statement of facts can be filed. As the record appears to us, the Assistant Attorney-General's motion to strike out both the statement of facts and bills of exception is well taken, is granted and said documents are struck out and not considered.

Appellant made a motion to quash the indictment because it shows to have been returned into the District Court in the year A. D., 190— and because it shows if any offense was committed it was committed 1721 years subsequent to the return of said indictment. There is no bill of exceptions on this subject. The record before us shows no such state of facts as is set out in said motion; but, on the contrary, it shows the indictment was returned in open court on March 20, 1913, and the indictment shows that the grand jury was organized at the spring term 1913 of said court and the indictment was filed in said lower court on March 20, 1913, and alleges the offense was committed on or about December 6, 1911. Of course, the court committed no error in overruling said motion to quash the indictment.

There is nothing else raised which we can consider in the absence of a statement of facts or bills of exception. The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### March 25, 1914.

PRENDERGAST, Presiding Judge.—Since affirming this case because the statement of facts was not filed in the court below at all, and the bills of exception were filed after the time allowed,—too late to be considered,—the appellant has filed a motion for rehearing and accompanies it with the proper evidence of the fact that the statement of facts was properly filed in the court below and the bills of exception within the time allowed. Both are now considered. He also made a motion for certiorari to show the facts above, but as he already properly shows this, it is unnecessary to issue any certiorari.

This case was tried on October 30, 1913, after the new law and new rules of procedure had been in effect since July 1, preceding. Under these, only such matters as are presented in appellant's motion for new trial can be assigned as error and passed upon by this court. Gant v. State, and authorities therein cited, decided March 18, 1914.

Appellant, in his motion for new trial, has these grounds for a new trial, only: "1. Because the verdict of the jury is contrary to the law and not supported by the evidence. 2. Because the judgment of

the court is contrary to the law and the evidence. 3. Because the court erred in refusing to submit to the jury defendant's special charge No. 1." The verdict and judgment are clearly supported by the uncontradicted evidence and no other verdict thereunder could or should have been legally rendered, even if appellant's grounds above could be considered. His third ground is entirely too general under the uniform decisions of this court to be considered. Byrd v. State, 69 Texas Crim. Rep., 35, 151 S. W. Rep., 1068, and cases cited. However, this special charge is to this effect: That the law of bigamy shall not extend to any person whose wife shall have been continually remaining out of the State, or shall have voluntarily withdrawn from the husband and remained absent for five years, the person marrying again not knowing his wife to be living within that time. "Therefore, should you find from the evidence that the former wife of the defendant, towit: Mrs. M. Jones, had voluntarily abandoned the defendant and remained continually absent for a period of five years prior to defendant's marriage with Mrs. Roberson, you will acquit the defendant." The court refused this charge because the law is not correctly stated and the defendant testified that before his marriage his son informed him his wife was living and asked him to see about it before the marriage. The court was correct in not giving this charge under the facts of this case hereinafter stated, and said charge was not correct, either under the statute or under the case of Poss v. State, 47 Texas Crim. Rep., 486, cited by appellant.

Appellant has some bills of exception but they are so clearly insufficient and meager as to not authorize or require this court to consider them at all, but even if we could, none of them present any error. By some he claims that the court erred in permitting the sheriff, as hereinafter shown, to testify about procuring appellant to write copies of a purported letter he had, because the copy was written by him while in jail. The court qualified his bills by stating that the copy was used only for the purpose of comparing his handwriting and had previously been testified to by defendant while on the witness stand in his own behalf and his testimony theretofore given, and cites pages of the statement of facts where this is shown. The court committed no error in this matter. Ferguson v. State, 61 Texas Crim. Rep., 152; Hunt v. State, 33 Texas Crim. Rep., 252; Williams v. State, 27 Texas Crim. App., 466.

By another he objected to the introduction of a petition filed by him in the District Court of Smith County after he married Mrs. Roberson, against the said former wife then in Louisiana. The bill does not copy nor state what is in this petition, nor the circumstances of it. However, the record shows that he testified in said divorce case without any objection by him and showed the whole matter of this divorce suit and everything practically that the petition could have shown and more too.

Then by agreement between him and the State the affidavit of his attorney in his divorce case was introduced telling that in the spring of 1912 appellant employed him to bring said divorce case, and non-resident notice was served on his wife in Louisiana. That said case

was tried in September, 1912, and appellant swore therein that his wife was living at or near Pelican in Louisiana, and was the last he knew of her, and that they had been separated five or six years. That appellant testified in said divorce case in response to questions asked by his attorney on information given his attorney prior to the trial.

The evidence shown by the statement of facts, without dispute and by appellant's own testimony as well as various other witnesses, shows that some thirty years ago he married a woman while they both lived in Mississippi, and that they lived together for many years, having born to them several children. It further shows that on December 6, 1911, he married Mrs. Roberson in Van Zandt County in this State. He further said that while he lived in Mississippi with this first wife about five or six years before he married Mrs. Roberson they separated; that she went to Louisiana; that he then remained at his home in Mississippi about one year. He then came to Texas and lived about one year in Runnels County with his brother; that he then came to another brother who lived on the line between Wise and Parker Counties and stayed with him and a nephew a year; that he then went back home to Mississippi and stayed there nearly a year, then returned to his younger brother on the line of Parker and Wise Counties, stayed there about two months and started back home to Mississippi again but that when he got to Van Zandt County on his way back, he found Mr. Rowes an old Mississippi boyhood friend who lived in Van Zandt County and who was an attendant and witness of his first marriage in Mississippi; that he stayed with him all night; then stopped at Mr. Joiner's, the son-in-law of Mrs. Roberson and worked with him,—hired to him, about two years and while there married Mrs. Roberson. Mr. Joiner, Mrs. Roberson's son-in-law, said appellant worked for him a little less than two years before marrying Mrs. Roberson. Mr. Rowes swore that while appellant was at his house appellant told him that his former Mississippi wife was then in Louisiana. This was about two years only before he married Mrs. Roberson. Appellant himself swore that he knew from hearsay that his wife lived at a certain place, naming it, in Louisiana during all the years after their separation. He admitted that his son had written to him that his wife was at said point in Louisiana. He also admitted that he told Mr. Rowes that his understanding was that his wife was at Pelican, Louisiana, when he talked to Rowes about it and that he told Rowes on that occasion he was going to Mississippi and bring his children from there and that when he talked to Rowes about his wife he only knew that she was at said point in Louisiana by what his son wrote him and he knew it from what his son said,—at least, he thought so.

Bigamy by our statute is defined, article 481, Penal Code: "If any person who has a former wife or husband living shall marry another in this State, such person shall be punished by imprisonment in the State penitentiary for a term of not less than two nor more than five years."

Article 482, Penal Code, is: "The provisions of the preceding article shall not extend to any person whose husband or wife shall have been

continually remaining out of the State, or shall have voluntarily withdrawn from the other and remained absent for five years, the person marrying again not knowing the other to be living within that time; nor shall the provisions of said article extend to any person who has been legally divorced from the bonds of matrimony."

The court properly charged what was bigamy under the statute and required the jury to believe, beyond a reasonable doubt, every essential fact before they could convict appellant. He also charged, to which there is no objection, a mistake of fact as prescribed by articles 46-47 of the Code and told the jury under this statute that if appellant had been informed that his former wife was dead when he married Mrs. Roberson, and they further find that he believed such information to be true and that such belief did not arise from a want of proper care on his part, or if they had a reasonable doubt as to whether he was so informed and so believed, to acquit him; yet, if they found beyond a reasonable doubt that such belief arose from a want of proper care on his part, then he could not be acquitted on the grounds of a mistake of fact. This charge in favor of appellant was based on the fact that he himself claimed that he had received a letter from a sister of his wife, in effect, telling him that she had learned his wife was dead. He claimed that he had this letter while he was confined in jail on this charge and undertook to account for it by showing that he turned it over to some other attorneys with whom he was negotiating for employment, but the court permitted him to testify, under the circumstances, to what he said was its contents on the subject. The sheriff showed by his testimony that the appellant, while in jail, showed him, the sheriff, what purported to be this original letter; that he, at the time, had the appellant to write two copies of this letter, he reading the letter to appellant at the time and appellant writing it down. The sheriff then handed back the purported original letter to appellant and kept the two copies. He identified these on the trial and swore positively that they were in the same handwriting as said purported original letter and that the said purported original letter was in appellant's handwriting, and that it was written on some of the sheets of a tablet which appellant had procured while he was in jail and was precisely the same paper on which the two copies he had the appellant to write and that they were all from the same tablet of paper. In other words, if the sheriff's testimony was true, appellant himself had manufactured this evidence, or attempted to do so while he was in jail on this charge, and as a matter of fact the said purported letter which he claimed to have received from his wife's sister was a forgery by him and not received by him from anyone. But under the above charge he got the benefit of his testimony, which was all he could ask under the circumstances.

The record and none of appellant's bills show any error in this case. The motion for rehearing is, therefore, overruled.

*Overruled.*