### ELIAS BOWEN v. THE STATE.

#### No. 4065.   Decided May 10, 1916.

**1.—Murder—Bills of Exception.**

    Where the bills of exception were filed more than ninety days after the overruling of the motion for new trial during the term of court lasting over eight weeks, for which there was no order, the same can not be considered on appeal.    Following Carden v. State, 70 Texas Crim. Rep., 271, and other cases.

**2.—Same—Sufficiency of the Evidence—Manslaughter.**

    Where, upon trial of murder, the evidence also raised the issue of manslaughter, but the evidence for the State authorized the conviction for murder

as found by the jury, there was no reversible error; no exception having been taken to the charge of the court.

Appeal from the District Court of Grimes.  Tried below before the Hon. S. W. Dean.

Appeal from a conviction of murder; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*T. P. Buffington* and *Carl T. Harper,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder, his punishment being assessed at seven years confinement in the penitentiary.

The statement of facts was filed within the time required by law but the bills of exception were not; they, therefore, are not considered.  The record with reference to the bills of exception shows that they were filed more than ninety days after the overruling of the motion for a new trial and pronouncing the sentence.  This statement is made in view of the fact that the court lasted over eight weeks.  The bills of exception were filed more than ninety days after sentence was pronounced. There are two orders in the record for thirty days, each extending the time in which to file the bills of exception, but these computed together do not bring the filing of the bills within the ninety days.  In support of this, see Carden v. State, 70 Texas Crim. Rep., 271; Roberts v. State, 70 Texas Crim. Rep., 588, and Jones v. State, 73 Texas Crim. Rep., 152.

There were no exceptions to the charge at the time it was read to the jury.  In fact, there seems to be no particular criticism of the instructions of the court.

It is contended that the jury was not authorized to find appellant guilty of murder and a consequent verdict of seven years in the penitentiary; that under the facts and the charge of the court appellant's conviction should have been of no higher offense than manslaughter. The evidence clearly raises the issue of manslaughter on account of the insulting conduct of the deceased toward the wife of the defendant. While the issue of manslaughter was strongly presented by the defendant, the evidence for the State was sufficient to authorize the jury to find that his mind was not in such condition as demanded a conviction for manslaughter.  That the jury could have done so is not questioned, yet the evidence justifies them in finding that his mind was not so influenced.  The two issues were in the case, and we think sufficiently strong for the jury to have arrived at the verdict they did reach.  We deem it unnecessary to recapitulate the evidence.  It would serve no useful purpose to do so.

Finding no reversible error in the record as it is presented to us, the judgment will be affirmed.

*Affirmed.*