## LONNIE BRYSON v. ·THE STATE.

No. 7875.   Decided November 7, 1923.

Rehearing denied December 12, 1923.

**1.—Burglary—Evidence—Foot Prints—Comparison of Tracks**

Where, upon trial of burglary, evidence of the footprints of the defendant was introduced by the State, or footprints found on the premises, which were compared with those of the appellant and made before his arrest or before he was taken in custody, reveals no error, nor of such comparison after the arrest, even if appellant put his foot in the track, provided it was a voluntary act.   However, the latter was withdrawn by the court.   Following Moore v. State, 87 Texas Crim. Rep., 574, and other cases.

**2.—Same—Husband and Wife—Cross-Examination—Impeachment.**

It was competent for the State on cross-examination of the wife to lay a predicate for impeaching her and upon her denial to impeach her by showing from other testimony that she had made a declaration contradictory to that given upon the trial.

**3.—Same—Circumstantial Evidence—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence was circumstantial, but sufficient to sustain the conviction, there is no reversible error.

**4.—Same—Rehearing—Foot Prints—Duress.**

In the instant case the objection was based on the fact of duress, and it was not asserted that physical force, was used to cause appellant to place his feet in said tracks, and there was no error in admitting in evidence the comparison of footprints found on the premises with those of the defendant made either before or after his arrest.   Following Walker v. State, 7 Texas Crim. Rep., 264.

Appeal from the District Court of Titus.   Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Seb. F. Caldwell,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; punishment fixed at confinement in the penitentiary for a period of two years.

The house of Green Low was entered and a middling of bacon stolen therefrom.   This occurred at night, and on the following morning footprints were found about his premises which led in the di-

rection of the home of the appellant. The appellant was arrested and the footprints made by him both before and after his arrest were measured by witnesses. According to their testimony, they coincided with those mentioned above. Appellant also put his foot in one of the tracks made by the supposed offender. There was found in the loft of appellant's house half of the side of the bacon which was identified by the owner as belonging to him.

Some evidence was introduced on the issue of alibi. Appellant's wife, testifying in his behalf, accounted for the bacon found by stating that it had been brought by her from the village and put in the loft.

The bills complaining of the evidence comparing the footprints found on the premises with those of the appellant made before his arrest or before he was taken in custody reveal no error; neither does the bill revealing such comparison after the arrest. This would be true, even if the appellant put his foot in the tracks, provided it was a voluntary action. The court, however, withdrew from the jury that part of the testimony showing that the appellant had put his foot in one of the tracks. The admissibility of such testimony has been asserted by this court on many occasions. Some of these cases are listed in Moore v. State, 87 Texas Crim. Rep., 574, in which will also be found a quotation from the case of Walker v. State, 7 Texas Crim. App. 264.

Appellant's wife having been introduced by him as a witness to account for the possession of the meat which was found in his house, it was competent for the State, on cross-examination, to lay a predicate for impeaching her and upon her denial to impeach her by showing from other testimony that she had made a declaration contradictory to that given upon the trial. See Branch's Ann. Tex. P. C., Sec. 174.

A detailed discussion of the evidence is not deemed necessary. Tested by the rule of circumstantial evidence, the facts are regarded sufficient to support the conviction.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

December 12, 1923.

LATTIMORE, JUDGE.—Appellant stresses only the proposition that it was error for the trial court to permit evidence of the fact that he was compelled to place his feet in tracks found leading from the alleged burglarized premises in the direction of his house. The contention is that this was compelling him to give evidence against

himself and was in violation of the constitutional guarantees against such procedure. In Walker v. State, 7 Texas Crim. App., 245, the accused, while under arrest, made tracks in the sand and ashes which were then examined and compared with the tracks found at the place of the murder and their similarity testified to. This was upheld. The Walker case has been cited with approval in many authorities since. In Nolen v. State, 14 Texas Crim. App., 402, this court drew the distinction between the admissibility of tracks made while the accused was under arrest and of confessions or other acts of a nature and character such as that the truth of same might be .affected by the fact of arrest. It is there asserted that the fact of one being under arrest could not affect the length, breadth or character of his footprints. In Guerrero v. State, 46 Texas Crim. Rep., 445, an opinion by Judge Davidson, this court upheld the action of the sheriff in having the accused to take off his shoes, put same in a track, and in testifying that it fit exactly. Many authorities are cited in support of the position there taken. In Pitts v. State, 60 Texas Crim. Rep., 527, an opinion by Judge Ramsey, the accused while under arrest was had to place his foot in a track supposed to have been made by the guilty party. This was upheld by this court. Other authorities are cited in Sec. 142 of Mr. Branch's Annotated P. C. In the instant case the objection was based on the fact of duress and it was not asserted that physical force was used to cause appellant to place his feet in said tracks.

The motion for rehearing will be overruled.

*Overruled.*