## J. E. Kennison v. The State.

### No. 8263.  Decided March 26, 1924.

**1.—Passing Forged Instrument—Confession—Warning.**

Where it appeared from the record that after appellant was arrested and while confined in jail, the county attorney caused him to be brought to his office and there had him write certain words and his own name and to do some other writing under the direction of the officer, without giving him proper warning, and upon trial the county attorney produced a slip of paper which appellant had written as aforesaid and identified and introduced the same in evidence upon defendant's trial for passing forged instrument, as a basis of comparison with the disputed writing in the check alleged to be forgery the same is reversible error.

**2.—Same—Rule Stated—Confession.**

The statute relating to confessions is not confined strictly to a technical confession but covers any act in the nature of a confession, statement or circumstance done or made by defendant while in confinement or custody, and not having been properly warned, which may be used by the State as a criminative fact against him.  Following:  Thompson v. State, 46 Texas Crim. Rep., 412, and other cases.

**3.—Same—Foot-Prints—Exception.**

It may be said that the rule relating to proof of foot-prints long ago adopted and adhered to by this court is an apparent exception in the application of the statute relative to confession.  Following:  Moore v. State, 87 Texas Crim. Rep., 569.  Qualifying:  Ferguson v. State, 61 Texas Crim. Rep., 152; Hunt v. State, 33 id., 252;. Jones v. State, 73 Texas Crim. Rep., 152.

Appeal from the District Court of Lamar.  Tried below before the Honorable Ben. H. Denton.

Appeal from a conviction of passing forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sturgeon, Sturgeon & West,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, Judge.—Conviction is for attempting to pass as true an alleged forged instrument, the punishment assessed being two years confinement in the penitentiary.

The instrument upon which the prosecution is based is as follows:

"Texarkana, Tex., February 2, 1923, No. 314
The Texarkana National Bank
Pay to J. E. Richardson or bearer $25.*00*
   *Pay* $25 *and* 00 *cts.*
                         J. E. ARCHER,
                              Asst. cashier."

It is made to appear that after appellant was arrested and while confined in jail upon this charge the county attorney caused him to be brought to the county attorney's office and there had appellant write the words "February," "Texarkana," "J. E. Richardson," also to write his own name and to do some other writing under the direction of said officer. He was not warned. Upon the trial the county attorney produced the slip of paper upon which appellant had written as requested by the officer, testified to the foregoing facts, and identified the writing as appellant's. Objection was made to proof of anything appellant said or did, either in words or writing, because he was under arrest and was not warned, on the ground that anything he said or did under such circumstances was not admissible against him. It further appears that over the same objection the State was permitted to introduce in evidence the slip of paper with the writing thereon. It appears from the qualification to the bills that the writing was admitted in evidence as a basis of comparison with the disputed writing in the check alleged to be a forgery.

It is urged that the proceedings complained of is violative of Article 810 of our C. C. P. which forbids the use of a confession against an accused unless voluntarily made in writing and signed, after a proper warning. Mr. Branch in his valuable Annotated Penal Code, page 32, Section 59, deduces from the many authorities collated what we regard as the sound general rule as follows:

"The Statute relating to confessions is not confined strictly to a technical confession, but covers any act in the nature of a confession, statement or circumstance done or made by defendant while in confinement or custody, and not having been properly warned, which may be used by the State as a criminative fact against him."

In addition to the authorities cited by Mr. Branch and as supporting the announcement that the *acts* as well as verbal statements come within the statute, we refer to Nolan v. State, 14 Texas Crim. App., 474; Thompson v. State, 46 Texas Crim. Rep., 412, 78 S. W. Rep., 691; Brent v. State, 89 Texas Crim. Rep., 544, 232 S. W. Rep., 845. Letters written by accused while in jail and unwarned are inadmissible against him. McColloh v. State, 44 Texas Crim. Rep., 152, 69 S. W. Rep., 141. Proof that one accused of murder declined to go before the grand jury is inadmissible. Rogers v. State, 44 Texas Crim. Rep., 350, 71 S. W. Rep., 18. The fact that one charged with crime and being under arrest remained silent under

accusation cannot be shown. Stanton v. State, 94 Texas Crim. Rep., 366, 252 S. W. Rep., 519.

Appellant was brought to the county attorney's office at the latter's direction. His presence there was not voluntary, and not of his choosing. He was not warned. Suppose when requested to write he had said, "There is no necessity to do so, I forged the check." Who would then contend that the verbal statement would be provable? Or, if when requested to write he had refused to do so, and had remained silent; his refusal or silence could not be used as a circumstance against him. But because he does write as directed by the prosecuting officer, though unwarned, and in the absence of the other formalities required by the statute, can it be said that the State may take the writings thus secured and use them as standards of comparison to prove, or aid in proving, the very offense with which appellant stands charged? In Brent's case (supra) the defendant was in jail. Without suggestion from the officers he asked permission to use the telephone, and did call and talk to his wife and one Guyton. The conversation with neither was proved; but in connection with other facts shown by the State the very act of calling and talking to the parties named was used by the State as a most cogent incriminative circumstance against Brent. The proof was made over his objection, and it was held violative of the statute. In the instant case the writing is secured not from an impulse moving from accused, but from the representatives of the State; they inaugurated the proceedings and directed him to write. What motive prompted them to have him brought from jail and without the formalities required by law secure the writing? Surely it was not the interest of appellant that induced them to so proceed, for the writing thus secured was used to his grave injury at the trial.

It may be said that the rule relating to proof of foot-prints, long ago adopted and adhered to by this court, is an apparent exception in the application of the statute relative to confessions. See Branch's Ann. P. C. page 33, subdivision 5 for authorities collated; see also Bryson v. State, 96 Texas Crim. Rep., 150, and Moore v. State, 87 Texas Crim. Rep., 569, 226 S. W. Rep., 415; the latter case reviews the reason for the rule, and states the limitations and restrictions to be observed in its application. See also Wigmore on Evidence, Vol. 4, Sec. 2265.

The learned trial judge, with his usual care and caution, justifies his reception of the evidence complained of by the opinions of this court in Ferguson v. State, 61 Texas Crim. Rep., 152, 136 S. W. Rep., 465, and Hunt v. State, 33 Texas Crim. Rep., 252, 26 S. W. Rep., 206. The Hunt case, although it does not refer to it, evidently followed Williams v. State, 27 Texas Crim. App., 466, 11 S. W. Rep., 481, hence we review the three cases mentioned. Williams was charged with theft of horses. He defended on a bill of sale which the State

claimed to be bogus and manufactured by accused for defensive purposes. He had signed applications for continuance and for attachments for witnesses. His signature to those instruments were admitted as standards of comparison to show that he also wrote the bill of sale. It was held (Judge Wilson writing the opinion) that the introduction in evidence of the signatures did not violate the rule which excludes a confession made while the accused is in jail. Hunt was charged with the murder of his wife. Two letters were in possession of the State signed by Hunt; they were incriminative. Hunt also had made and signed an application for attachment for witnesses, and this signature was used as standard of comparison with the signature to the letters to prove their execution by accused. Ferguson was charged with theft of horses, and produced a bill of sale accounting for his possession. He had signed an appearance bond, and this signature was used to show the similarity between it and the writing in the bill of sale, it being contended by the State, (as it was in Williams' case) that Ferguson had manufactured the bill of sale. The opinion in Ferguson's case (written by Judge Davidson) quotes with approval from Hunt's case (supra) (which was written by Judge Hurt) as follows:

"In reference to this matter counsel for appellant contends, that under the rule which excludes the admission and confessions of a defendant made while in custody and unwarned the State could not prove the signature to the application executed by him under like conditions. To this proposition we do not assent. The act of signing the document was neither an admission nor a confession by defendant. It was not an act tending to show guilt. It does not come within the letter or the reason of the rule. The fact that defendant was in custody when he signed the application would not likely affect the signature in any manner so as to render it unfit for use as a standard of comparison. That he did sign it was no evidence against him. There was no error in this matter."

Doubtless it was the language just quoted which influenced the learned trial judge in the instant case to admit the evidence here complained of. The opinions as a whole and the particular language used by the learned jurists who wrote in the three cases referred to must be viewed in the light of facts of those cases. In each of them the accused of his own volition had signed papers in preparation of his case for trial or to secure his release from custody. There was no apparent connection between the charges pending against them and the signing of their names to the various instruments. The papers when signed became court documents, a part of the record in the respective cases. How different in the present case; here appellant is charged with forgery and with passing as true a forged instrument, either being offenses which involve the making of an instrument in writing, and for the very purpose of securing from him evidence

tending to show his guilt, the prosecuting officers procure appellant's removal from the jail to their office, and under their direction secure from him not his signature alone but a writing of many of the identical words in the alleged forged instrument, evidence later used to bring about his conviction. The great judges who wrote the Williams, Hunt and Ferguson opinions (supra) would in our judgment never have applied the rule announced in those cases to a state of facts now before us.

We advert to one other case which has come to our attention in the investigation of this question. In Jones v. State, 73 Texas Crim. Rep., 152, 165 S. W. Rep., 144, it appears the sheriff procured accused while in jail to make copies of a letter, and the copies so made were afterwards used as standards of comparison of accused's handwriting upon trial of a charge of bigamy. The bill of exception presenting complaint of the matter is said to be incomplete and meager, and is qualified by the statement that accused himself testified relative to making the copies while giving evidence in his own behalf. By reason of the form of the bill, or because the matter became pertinent from accused's own evidence, the holding that no error was committed in permitting the copies made in jail to be used in comparing the handwriting is presumably correct. However, as sustaining the correctness of it the Williams, Hunt and Ferguson cases (supra) are cited. We do not regard them as authority supporting the proposition that evidence secured as it was in Jones' case is admissible for any purpose. Unless the Jones case (supra) may be sustained on the grounds heretofore suggested we think it out of harmony with the usual construction given Article 809 and 810 of our Code of Criminal Procedure, and contrary to the spirit, purpose and intent of that law.

Believing the learned trial judge to have been led into error by the language of some of the opinions referred to based upon an entirely different state of facts we conclude the judgment must be reversed and the cause remanded for the reasons heretofore stated, and it is so ordered.

*Reversed and remanded.*