Cammie Roberson v. The State.

No. 8204.   Decided March 26, 1924.

**Unlawful Sale of Intoxicating Liquor—Bills of Exception—Ninety Days—Filing.**

Ninety days is the length of time allowed within which the record should be filed in the Court of Criminal Appeals, and an order within a time when bills of exception may be filed attempting to extend the time for filing such bills beyond the ninety day period is without authority of the law; besides, when considered, there is no reversible error.

Appeal from the District Court of Wharton.   Tried below before the Honorable M. S. Munson.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Wharton County of selling intoxicating liquor, and her punishment fixed at one year in the penitentiary.

The only two bills of exception in the record were filed too late. The trial term of the court below adjourned May 30, 1923, and an order was entered granting appellant ninety days after adjournment of court in which to file statement of facts and bills of exception. Ninety days is the length of time also allowed within which records should be filed in the Court of Criminal Appeals.   We think an order entered within a time when bills may be filed attempting to extend the time for filing such bills of exception beyond the ninety day period, was without authority of law.   Bowen v. State, 79 Texas Crim. Rep., 490, 186 S. W. Rep., 220.   We might add, however, that we had examined the bills of exception before observing that they were filed too late and that neither of them present any error.

The facts in the record amply support the jury's conclusion of guilt.   No error appearing, the judgment of the trial court will be affirmed.

*Affirmed.*