## J. E. BRATTEN V. THE STATE.

No. 9462.    Delivered November 11, 1925.

**1.—Transporting Intoxicating Liquor—Evidence—Acts of Defendant—When Not Admissible.**

Where, on a trial for transporting intoxicating liquor, the State was permitted to introduce in evidence a telegram sent by appellant to his wife in Wichita, Kansas, while he was confined in the county jail at Marshall, Texas. This telegram was erroneously admitted. Our law relating to confessions is not confined strictly to a technical confession, but covers any statement or circumstance, done or made by appellant while in confinement or custody. See Branch's Ann. P. C., Sec. 59.

**2.—Same—Continued.**

The telegram sent by appellant to his wife was of a very incriminating character and, in addition, was in direct conflict with his testimony given upon the trial. Being under arrest at the time the telegram was sent, the contents thereof could not be used against him, either as original evidence to prove his guilt, nor for the purpose of impeaching him as a witness. Following McColloh v. State, 44 Tex. Crim. Rep. 152, 69 S. W. 141, and Rix v. State, 26 S. W. 505. Also see Thompson v. State, 78 S. W. 691, and other cases cited.

**3.—Same—Practice on Appeal.**

Appellant by affidavit attached to his brief seeks to raise another issue not raised in the court below. His affidavit has no place in this record. Ordinarily this court will not review any question except those that are raised properly in the court below.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*F. M. Scott,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for unlawfully transporting intoxicating liquor, the punishment being two years in the penitentiary.

The officers intercepted a car which was being driven by appellant on the road between Shreveport and Dallas. In the back of the car they found one hundred and twenty quarts of whiskey and thirty-six gallons of alcohol. With appellant was a man by the name of Eccleston. Appellant's defense was that he had formerly known Eccleston in Wichita, Kansas; that he (appellant) had gone to Shreveport on the train and while there met Eccleston, who said he was going to Dallas in his (Eccleston's) car; that appellant was riding with him and driving the car at the time of the arrest in order to relieve Eccleston, who had been driving for some time. Appellant denied any knowledge of the presence of the liquor in the car, which he claimed belonged to Eccleston. Upon cross-examination he was asked if, while confined in jail at Marshall, Texas, he had not sent a telegram to his wife, at Wichita, Kansas. Objection was interposed to this course of inquiry because, if this occurred, appellant was confined in jail at the time. The State, over objection, had appellant identify the telegram and introduced the same in evidence over the same objection that it was written while appellant was confined in jail. The telegram reads as follows:

"Marshall, Texas, Dec. 12, 1924.

"Mrs. J. E. Bratton,
Manhattan Hotel,
   Wichita, Kansas.

"You have got twenty-four hours to save me and car from doing one to five. Kindly wire me tonight.

"(Signed) JOE,
"Marshall County Jail."

Mr. Branch, in his Ann. Tex. P. C., Sec. 59, states the generally approved rule as follows:

"The Statute relating to confessions is not confined strictly to a technical confession, but covers any act in the nature of a confession, statement or circumstance, done or made by defendant while in confinement or custody, and not having been properly warned, which may be used·by the State as a criminative fact against him." There is no doubt but that the contents of the telegram could be, and was, used with telling effect by the State as a criminative fact against appellant and as contradictory of his evidence given upon the trial. The natural inference to be drawn from the telegram is that the car being held by the officers belonged to appellant. This was in direct conflict with the testimony given by him before the jury. Appellant being in jail at the time. the telegram was sent, the contents thereof could not be used against him either as original evidence to prove his guilt, nor for the purpose of impeaching him as a witness. The cases of McColloh v. State, 44 Tex. Cr. R. 152, 69 S. W. 141, and Rix v. State, 26 S. W. 505, are directly in point, and sustain appellant's contention. Upon the general principle invoked see Thompson v. State, 78 S. W. 691; Brent v. State, 232 S. W. 845; Glover v. State, 247 S. W. 556; Kennison v. State, 97 Tex. Cr. R. 154, 260 S. W. 174. Under Sec. 74, Branch's Ann. Tex. P. C., many cases are collated upon the point that an act or statement made by accused while in custody are not admissible even to impeach his evidence given upon the trial.

Appellant undertakes by affidavit attached to his brief to raise another issue which the court is requested to discuss. The affidavit has no place in the record. Ordinarily this court will not review any question except one properly raised in the court below.

For the error pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*