The judgment is reversed, and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

## BRATTON v. STATE. (No. 9462.)

(Court of Criminal Appeals of Texas. Nov. 11, 1925.)

1. **Criminal law** ⚖️406(3)—**Witnesses** ⚖️392 (1)—**Telegram sent by accused to wife while in jail held inadmissible.**

In prosecution for transporting liquor, where defense was that car belonged to party riding with defendant, a telegram sent by defendant while in jail to his wife, indicating that car belonged to him, was inadmissible, either as original evidence of guilt or for purpose of impeachment, under rule excluding statements made by accused while in custody.

2. **Criminal law** ⚖️1128(4)—**Issue raised by affidavit attached to brief not considered on appeal.**

Issue raised by affidavit attached to brief will not be considered on appeal, since affidavit has no place in record, and court will not ordinarily review any question, except one properly raised in trial court.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

J. E. Bratton was convicted of unlawfully transporting intoxicating liquor, and he appeals. Reversed and remanded.

F. M. Scott, of Marshall, for appellant.

Sam D. Stinson, State's Atty., of Greenville, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

HAWKINS, J. Conviction is for unlawfully transporting intoxicating liquor; the punishment being two years in the penitentiary.

[1] The officers intercepted a car which was being driven by appellant on the road between Shrevesport and Dallas. In the back of the car they found 120 quarts of whisky and 36 gallons of alcohol. With appellant was a man by the name of Eccleston. Appellant's defense was that he had formerly known Eccleston in Wichita, Kan.; that he (appellant) had gone to Shrevesport on the train, and while there met Eccleston, who said he was going to Dallas in his (Eccleston's) car; that appellant was riding with him and driving the car at the time of the arrest, in order to relieve Eccleston, who had been driving for some time. Appellant denied any knowledge of the presence of the liquor in the car, which he claimed belonged to Eccleston. Upon cross-examination he was asked if, while confined in jail at Marshall, Tex., he had not sent a telegram to his wife at Wichita, Kan. Objection was interposed to this course of inquiry because, if this occurred, appellant was confined in jail at the time. The state, over objection, had appellant identify the telegram, and introduced the same in evidence, over the same objection that it was written while appellant was confined in jail. The telegram reads as follows:

"Marshall, Texas, Dec. 12, 1924.

"Mrs. J. E. Bratton, Manhattan Hotel, Wichita, Kansas. You have got twenty-four hours to save me and car from doing one to five. Kindly wire me to-night.

"[Signed] Joe, Marshall County Jail."

Mr. Branch, in his Ann. Tex. P. C. § 59, states the generally approved rule as follows:

"The statute relating to confessions is not confined strictly to a technical confession, but covers any act in the nature of a confession, statement or circumstance done or made by defendant while in confinement or custody, and not having been properly warned, which may be used by the state as a criminative fact against him."

There is no doubt but that the contents of the telegram could be, and was, used with telling effect by the state as a criminative fact against appellant, and as contradictory of his evidence given upon the trial. The natural inference to be drawn from the telegram is that the car being held by the officers belonged to appellant. This was in direct conflict with the testimony given by him before the jury. Appellant being in jail at

the time the telegram was sent, the contents thereof could not be used against him either as original evidence to prove his guilt or for the purpose of impeaching him as a witness. The cases of McColloh v. State, 44 Tex. Cr. R. 152, 69 S. W. 141, and Rix v. State, 33 Tex. Cr. R. 353, 26 S. W. 505, are directly in point, and sustain appellant's contention. Upon the general principle invoked, see Thompson v. State (Tex. Cr. App.) 78 S. W. 691; Brent v. State, 89 Tex. Cr. R. 544, 232 S. W. 845; Glover v. State, 92 Tex. Cr. R. 617, 247 S. W. 556; Kennison v. State, 97 Tex. Cr. R. 154, 260 S. W. 174. Under section 74, Branch's Ann. Tex. P. C., many cases are collated upon the point that an act or statement, made by accused while in custody, are not admissible, even to impeach his evidence given upon the trial.

[2] Appellant undertakes, by affidavit attached to his brief, to raise another issue which the court is requested to discuss. The affidavit has no place in the record. Ordinarily this court will not review any question, except one properly raised in the court below.

For the error pointed out, the judgment must be reversed, and the cause remanded.