### R. L. HORNE v. THE STATE.

No. 9555.   Delivered January 27, 1926.

Rehearing denied June 2, 1926.

**1.—Possessing Equipment, Etc.—Continuance—Properly Refused.**

Where appellant moved for a continuance, and the record discloses that the indictment was filed on the 24th day of March, 1924, and that the case was tried on the 23rd day of February, 1925, and on March 5th a new trial having been granted, the case was then set down for another trial for March 16, 1925. No process was requested for the absent witnesses until March 6, 1925. This was not sufficient diligence and the continuance was properly refused.

### 2.—Same—Charge of Court—No Harmful Error Shown.

Where the indictment charged appellant in four counts, and on a former trial but one count, the third, was submitted, and on the instant trial in his preliminary statement the court set out all of the counts but charged the jury to consider only the third count, and the verdict being in response to this count, we fail to see any harmful injury to appellant.

### 3.—Same—Evidence—Showing Intent—Properly Admitted.

Where the evidence disclosed that officers searched appellant's premises and found thereon a copper boiler or still, some barrels of mash and a coal oil burner. Appellant interposed the defense that the copper boiler was for washing clothes and the mash had been left at his house by a Mexican. Under this state of facts there was no error in permitting the sheriff to testify that some two hours after the raid he saw appellant return home and when some 200 yards distant saw him pour some corn whiskey out of a jar and pour it on the ground. This testimony was admissible as showing intent and to defeat his defensive theory. See Nichols v. the State, 97 Tex. Crim. Rep. 174, and cases there cited.

### 3.—Same—Wife as Witness—Cross-Examination—Held Proper.

Where appellant's wife had testified in his behalf that she used the boiler found by the officers, and which the state contended was used for a still, for washing purposes, there was no error in permitting the state on her cross-examination to ask her if she used the stove that was found burning, and the lid to the boiler in question for washing clothes. Such cross-examination was germane to the issue raised by her testimony in chief. See Branch's Ann. P. C., Sec. 152.

### 4.—Same—Evidence—Properly Excluded.

Where the sheriff had testified that he had never seen a wash boiler like the boiler he found on appellant's premises, there was no error in refusing to permit appellant to introduce a picture in an advertisement of what was called a steam boiler, resembling the boiler found. Such picture was without probation force and shed no light on the case.

### 5.—Same—Evidence—Held Sufficient.

A careful examination of the record impresses us that the testimony was ample to support the verdict, and that there was no error in the refusal of a peremptory instruction to acquit appellant.

#### ON REHEARING.

### 6.—Same—Practice—On Appeal—Confined to Record.

It is imperative in this court that we deal with the record as it is made in the trial court. We cannot base our decisions on matters coming into the record after the appeal is perfected. Appellant's explanation in his argument and brief of the cause of his failure to issue process for the witnesses for whose absence he applied for a continuance, if embraced in a proper bill of exceptions showing that they were called to the attention of the trial court would have been very persuasive as meeting the delay. As presented however, they cannot be considered.

### 7.—Same—Bill of Exception—Incomplete—No Error Shown.

Where appellant complains of the reading of all four of the counts in the indictment, but his bill does not show; aside from the objections

stated that there had been a previous trial, or an abandonment of any count in the indictment, no error is shown. The mere recital that certain objection was made is not equivalent to a certificate by the judge showing that the matter complained of took place. See Quinney v. State, 86 Tex. Crim. Rep. 358.

Appeal from the District Court of Knox County. Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction for possessing equipment for the manufacture of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*D. J. Brookreson* of Benjamin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Knox county of the offense of possessing equipment for the purpose of manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the sheriff and his deputies raided the premises of the appellant, and found what the state's witnesses denominated a copper still, some barrels of mash, and a coal oil burner in a dugout, lighted and burning, and other utensils claimed by the state that were used for the purpose of manufacturing intoxicating liquor. The appellant failed to take the stand and testify, but introduced his wife and son as witnesses, whose testimony shows that it was his contention that the copper boiler in question was used for washing purposes, and the mash and other utensils found and claimed by the state possessed for the purposes of manufacturing intoxicating liquor, were left there by some Mexican cotton pickers.

Appellant complains of the action of the court in overruling his application for continuance, seeking to obtain the testimony of certain witnesses, whom he claimed would testify that the copper boiler claimed by the state to be used in manufacturing intoxicating liquor, was used for washing purposes, and that the other utensils were left there by Mexican cotton pickers. We are of the opinion that there was no error in overruling this motion, on account of no diligence being shown to secure the attendance of said witnesses. The record discloses that the indictment was filed on the 24th day of March, 1924, and that a trial of this case was had on the 23rd day of February, 1925,

and on March 5, 1925, the court set this case again for trial for March 16, 1925. No process was requested until March 6, 1925, for said witnesses. These facts negative any diligence whatever to secure said testimony, and no circumstances justifying the lack of diligence were shown.

Complaint is made to the action of the court in permitting the state to read all the counts in the indictment to the jury, because upon the former trial the state elected to try the appellant solely on the third count, charging possession of equipment as above stated; and to the action of the court in his preliminary statement in his charge to the jury, setting out all four of said counts, because it is contended that same was specifically calling the jury's attention to extraneous matters which would result in injury to the appellant. The court should have set out in his charge only the count or counts, submitted to the jury; but having instructed the jury to confine themselves to the third count in the indictment only, and the verdict being in response thereto, we fail to see any harmful injury that could have resulted to the appellant from the matters herein complained of.

Complaint is also made to the action of the court in permitting the sheriff to testify that after searching the premises and finding the articles above mentioned, and within about an hour and a half or two hours thereafter, he observed the appellant return home, and when about 200 yards distant, pour some corn whiskey out of a fruit jar and throw it on the ground, because it is contended that said evidence was proving a different offense from the one for which appellant was then being tried. We are of the opinion that there is no merit in this contention. We think this testimony was admissible for the purpose of showing intent, and was a circumstance which would tend to connect the defendant with the alleged offense for which he was then on trial, and would also tend to defeat the defensive theory. Nichols v. State, 97 Tex. Crim. Rep. 174, and authorities therein cited.

Appellant complains of the action of the court in permitting the state on cross-examination to ask the appellant's wife if she used the stove that was found burning and the lid to the boiler in question, for washing clothes, because it is contended that appellant had not brought out on examination in chief of his wife any evidence pertaining to said stove or lid, and the action of the state was in effect making a witness of his wife against him. There is no merit in this contention. The record shows

that appellant, in support of his defense, on direct examination, had his wife to testify fully to the effect that she used the boiler for washing purposes, which the state contended was used by the appellant for a still; and the cross-examination complained of was germane to the issue raised by the testimony in chief of his wife. Ward v. State, 159 S. W. 278; Houseton v. State, 204 S. W. 1007; 83 Tex. Crim. Rep. 453, and for collation of authorities, see Branch's Ann. P. C., Sec. 152.

Appellant complains of the refusal of the court to permit him to introduce in evidence in connection with his cross-examination of the sheriff, a picture of what was called a steam boiler, resembling the boiler which the state contends was a still and which the defendant contends was used for boiling clothes; because it is contended that said picture would tend to contradict testimony of the sheriff to the effect that he, said witness, had never seen a wash boiler like the one in question. We fail to see any injury resulting from the action of the court in this respect, as the defendant was allowed to fully interrogate the sheriff relative to said matter, and the wife was permitted fully to testify to all the uses for which this boiler was made, and the mere fact that the sheriff had never seen a similar one used for washing purposes would not likely influence the jury; and in view of the minimum penalty having been assessed, we are forced to conclude that if there was any error committed, it was harmless.

The appellant complains of the action of the court in refusing to give a peremptory instruction to the jury to return a verdict of not guilty, because of the insufficiency of the evidence to sustain a conviction. We have carefully examined the bills of exceptions relating to these matters, and are of the opinion that the record fails to support his contention.

After a careful examination of the entire record, we are of the opinion that same fails to show any reversible error in the trial of this case, and the judgment of the trial court is accordingly affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Process for the witness named in the application for a continuance was first applied for about

one year after the indictment was filed. This delay, unexplained, would obviously show a lack of diligence. In argument and in the brief, appellant explains the delay with the statement that for a long time the papers in the case were lost and that it was expected that they would be substituted, but they were unexpectedly discovered. If these matters were embraced in the bill of exceptions or the record otherwise showing that they were called to the attention of the trial court, they would be persuasive as meeting the delay. The alleged facts explaining the delay not being before this court in any authentic manner, their consideration is precluded. It is imperative that the court deal with the record as it finds it. It cannot base its decision upon matters coming into the record after the appeal is perfected.

The complaint of the failure of the court to prevent the reading to the jury of certain counts in the indictment is not shown by the bill of exceptions to have been error. The mere recital that certain objections were made is not equivalent to a certificate by the judge showing that the matters of which complaint is made took place. Quinney v. State, 86 Tex. Crim. Rep. 358. In the present bill, aside from the objections made, there is no certificate that there had been a previous trial or an abandonment of any count in the indictment.

The sheriff testified to finding a still and various other items constituting equipment for the manufacture of intoxicating liquor upon the premises of the appellant. One of the appellant's witnesses testified that the boiler exhibited to the jury was not a part of a still but was a wash boiler. The sheriff was cross-examined upon this point, and said it was not a wash boiler. In bill of exceptions No. 14 complaint is made of the refusal of the court to receive in evidence an advertisement describing an up-to-date and practical all-copper wash boiler and preserving steamer. We fail to discern the connection between this advertisement and the equipment described by the sheriff. The bill gives no information touching the source from which the advertisement comes or its connection with the transaction. Upon our examination of the statement of facts we have failed to perceive its relevancy.

The motion for rehearing is overruled.

*Overruled.*