### E. Brent v. The State.

#### No. 6288.    Decided June 15, 1921.

**1.—Murder—Reproduction of Testimony—Jurisdiction—Removal of Witness.**

Where the testimony of a witness given at a former trial was reproduced upon the instant trial, and it was shown that he had removed beyond the jurisdiction of the court, there was no reversible error.    Following Robertson v. State, 63 Texas Crim. Rep., 216.

**2.—Same—Temporary Absence of Witness—Predicate—Residence.**

Where upon trial of felony, it appears that the witness is only temporarily absent from the State, the predicate would not be sufficient for the introduction of former testimony, but when residence is shown as outside of the state, and the return to the jurisdiction is indefinite, no reason would appear for the refusal of such evidence.

**3.—Same—Evidence—Reputation.**

Upon trial of murder, there was no error in rejecting testimony that defendant bore the reputation of being a loyal, efficient, faithful, and obedient officer of the city.

**4.—Same—Evidence—Custody—Unwarned Statement—Rule Stated—Witness.**

The introduction of testimony of what was said and done by defendant while in jail and unwarned, and which was of a material character, was reversible error, and such testimony cannot be used to impeach or contradict defendant in the event he becomes a witness in his own behalf.    Following Morales v. State, 36 Texas Crim. Rep., 234, and other cases.

Appeal from the District Court of Galveston.    Tried below before the Honorable J. C. Canty.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*Marsene Johnson, Elmo Johnson, Roy Johnson,* and *Marsene Johnson, Jr.,* for appellant.—On question of reproduction of testimony: °Anderson v. State, 74 Texas Crim. Rep., 623; and cases cited in opinion.

*H. Theobald,* County Attorney, and *Frank S. Anderson,* for the State.—On question or reproduction of testimony: Sanchez v. State, 153 S. W. Rep., 1133, and case cited in opinion.

On question of predicate for reproduction of testimony: Millner v. State, 72 Texas Crim. Rep., 45.

On question of statements by defendant while in custody: Young v. State, 61 Texas Crim. Rep., 303.

LATTIMORE, Judge.—Appellant was convicted in the tenth District Court of Galveston County of murder, and his punishment fixed at death.

Appellant had been a negro police officer in the City of Galveston for a great many years. There is much evidence in the record of ill-feeling on the part of deceased against appellant arising out of certain acts of the latter while acting as such officer. After the last city election in Galveston appellant resigned his position, and a short time thereafter deceased was appointed a policeman, and on the night after his appointment he was killed by appellant. In view of the fact that this court is of opinion that the case must be reversed, a discussion of the facts will be pretermitted.

Appellant's first bill of exceptions complains that the State was allowed to reproduce the testimony of a witness given at a former trial of this case, said witness having since removed to the State of New York, where she was at the time of the trial. The objections made were that appellant had the right to be confronted by the witnesses in the present trial; and that the predicate laid for the introduction of said evidence was not sufficient in that it did not show the permanent removal from this State. Since the rendition of the opinion in Robertson v. State, 63 Texas Crim. Rep., 216, this court has uniformly held that the testimony of a witness given at a former trial may be reproduced when such witness has died or removed beyond the jurisdiction of the court. Modello v. State, 85 Texas Crim. Rep., 291, 211 S. W. Rep., 944; Mitchell v. State, 87 Texas Crim. Rep., 530, 222 S. W. Rep., 983. We do not deem it of value to discuss the question further, as it is now the settled law of this State.

We do not think the predicate laid by the State for the introduction of said testimony, open to the objection that it showed only a temporary absence of the witness. The fact that in a letter, which states positively that New York is the present and future home of said witness, she expressed a purpose at some indefinite time in the future to come home, would not be sufficient to warrant the rejection of said evidence. We do not think the expression in the opinion in Anderson v. State, 74 Texas Crim. Rep., 621, 170 S. W. Rep., 142. to the effect that it is only when a person is permanently gone beyond the jurisdiction of the court that such evidence can be reproduced, was intended to convey the idea that such witness must be shown to never intend to come again into the jurisdiction of the forum. The

reason of the rule admitting such testimony rests in the necessity of the case, and if it appear that the removal of the witness is what is ordinarily referred to as temporary; for instance, where one whose home is in Texas has gone on a journey which may occasion the present absence of said witness, and which will in due course of events be ended by the return of such witness, the predicate would not appear to be sufficient; but when residence is shown as outside of the State, and the return of the jurisdiction is indefinite, no reason would appear for the refusal of the evidence.

By a number of bills of exceptions complaint is made of the rejection of evidence that appellant bore the reputation of being a loyal, efficient, faithful and obedient officer of the City of Galveston. Branch's Ann. P. C., Sec. 143, is cited as collating authorities supporting the proposition of the admissibility of such evidence. We find nothing in any of said authorities justifying the contention. The evidence was properly rejected.

By two bills of exceptions the following matters are made to appear: While appellant was testifying as a witness he was asked if he had not used the telephone on the morning after his arrest in the instant case, and while in jail. He denied such use. He was asked if he did not talk over the telephone to his wife. He denied this. He was asked if he did not talk over the telephone to one Paul Guyton. He denied this also. Asked if he did not talk over the telephone to some person, he denied using the telephone at all. Thereafter the county jailer was placed on the witness stand, and over objection of appellant that he was in jail and unwarned, was permitted to testify that on the morning after the alleged homicide appellant, while in jail and unwarned, told witness he wanted to talk to his wife over the telephone, and that he called her over said telephone and had a conversation with her; that he later called Paul Guyton over telephone and had a conversation with him. It was shown in evidence by the testimony of another witness that he carried appellant and Paul Guyton to a point near the scene of the homicide on the night thereof and a short time before the killing occurred, and that they were drinking, etc. Appellant also denied while on the witness stand that he was with Guyton on said night.

Under all our authorities the introduction of evidence of what was said and done by appellant while in jail and unwarned, was error, and of such character as that we cannot assume to say it was harmless. The statutes of this State forbid the introduction against one accused of crime, of his confession or of any statement made by him while in custody and unwarned. The uniform decisions of this court hold that any criminating statement by an unwarned accused, comes within the comprehension of the forbiddance of said statute. Likewise, it has been uniformly held that evidence of such criminating statement of such unwarned accused, cannot be used to impeach or contradict him in the event he become a witness in his own behalf.

These are matters so well settled by the decisions of this court as to need no further discussion. If the statement in question be not of a criminating character, or be not used to contradict or impeach the accused, then the question of harmless error might arise, but when the record is clear that the effect of such statement of such unwarned accused was harmful, this court cannot speculate as to the extent of such injury. The occurrence then assumes the attitude of a harmful statement plainly violative of the law forbidding same, and this court of necessity must reverse. Morales v. State, 36 Texas Crim. Rep., 234; Serrata v. State, 74 Texas Crim. Rep., 413, 171 S. W. Rep., 1141; Burchard v. Woodward (Civ. App.), 223 S. W. Rep., 707.

For the error above discussed the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*