## W. A. JENNINGS V. THE STATE.

No. 19549.   Delivered March 16, 1938.

The opinion states the case.

*Sidney Lee,* of New Boston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

The proof on the part of the State was to the effect that W. A. Jennings and Marvin C. Farris forced Mrs. Anna Littrell to stop her car as she was traveling on a highway in Bowie County, Texas. Entering the car, appellant exhibited a pistol and forced Mrs. Littrell to deliver $250 to him. As appellant and Farris left the scene of the robbery, Mrs. Littrell wrote down the license number of the car and later delivered it to a deputy sheriff. Shortly after the robbery appellant and Farris were arrested in Fort Worth while in possession of a car bear-

ing the same license number as that Mrs. Littrell had reported to the officers.

Mrs. Littrell was a permanent resident of the State of Oklahoma. She did not appear and testify upon the present trial, which was held on the 14th of June, 1937. However, on the 12th of March, 1937, she had appeared and testified in appellant's examining trial, at which time he had opportunity to cross-examine her. It appears that prior to the examining trial the sheriff of Bowie County communicated with the sheriff of the county in Oklahoma where Mrs. Littrell resided and had him send her to Bowie County. About a month before the present trial the sheriff wrote a letter to Mrs. Littrell addressed to Marlow, Oklahoma, the town of her residence. The letter bore the return address of the sheriff. The letter was not returned. The sheriff testified: "I never did receive any letter from either Mrs. or Mr. Littrell from Oklahoma nor from elsewhere." Appellant objected to the action of the court in permitting the State to reproduce the testimony of Mrs. Littrell on the ground that a proper predicate had not been laid.

In the case of Garner v. State, 271 S. W. 92, the predicate laid was substantially the same as that disclosed by the present record. In holding in that case that the State was warranted in reproducing the testimony of the absent witness, this Court, speaking through Judge HAWKINS, used language as follows:

"We are inclined to the view that the evidence here shows that the witness Gunn had removed from the State of Texas to the State of New Mexico, and there is nothing to indicate that his removal was other than that of a permanent character. In our judgment the predicate was sufficient to authorize the reproduction of his evidence under the authority of Brent v. State, 89 Texas Crim. Rep. 546, 232 S. W. 845; Mitchell v. State, 65 Texas Crim. Rep. 545, 144 S. W. 1006; Grant v. State, 67 Texas Crim. Rep. 155, 148 S. W. 760, 42 L. R. A. (N. S.) 428; Menges v. State, 21 Texas Crim. App. 413, 2 S. W. 812; Whorton v. State, 69 Texas Crim. Rep. 1, 152 S. W. 1082. In the case last cited many authorities other than those here referred to are collated, and the question appears to have been thoroughly considered; the Court as then constituted not being in accord upon the subject. We quote from the majority opinion in that case as follows:

" 'Many other cases could be cited, but they all adhere to the holding that, when a witness is shown to have permanently removed beyond the jurisdiction, the evidence is admissible; otherwise when his absence is only temporary, and in this case the evidence shows that the removal was permanent, and when it

is once shown that a witness has permanently removed beyond the jurisdiction of the court, it is not necessary to show his exact whereabouts on the day of the trial. To place such a burden on the State or defendant would in effect exclude the testimony in almost every instance.' "

It appears from bill of exception No. 2 that after the jury had retired to deliberate they requested the court to have the sheriff repeat certain of the testimony he had theretofore given relative to the arrest of the appellant. At the time the sheriff was recalled appellant's counsel was in his office in a town some distance removed from the county seat of Bowie County. However, appellant was present when the sheriff repeated his testimony in the presence of the jury. The bill, as qualified by the trial judge, shows that the court reporter was not available. Further, it is recited in the qualification that there was no material variation in the statement of the sheriff from his former testimony. The statement of facts appears to support the qualification. Under the circumstances, we are constrained to hold that the bill fails to reflect reversible error.

Bill of exception No. 3 is concerned with alleged misconduct of the jury in referring to appellant's failure to testify. If we comprehend the testimony given by the jurors on the hearing of the motion for new trial, it shows no more than that mention was made of the fact that appellant had not testified, and was promptly rebuked by the foreman. There appears to have been no discussion of the matter. In Brice v. State, 57 S. W. (2d) 832, the Court said: "This Court has uniformly held that a mere casual reference to the failure of the defendant to testify, especially where same was promptly checked and was not followed by discussion, would not be error calling for reversal."

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.