# FRANK CUMPSTON V. STATE.

No. 24862.  October 25, 1950.
Rehearing Denied January 17, 1951.

*Doyle Pevehouse, Tyson, Dawson & Dawson,* by *Matt Dawson,* Corsicana, and *Lynn Griffith,* Waxahachie, for appellant.

*Charles T. Banister,* County Attorney, Navarro County, Corsicana, *Stewart B. Lumpkins,* County Attorney, Ellis County, Waxahachie, *Will Justice* (Special Prosecutor), Athens, and *George P. Blackburn,* State's Attorneey, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for murder without malice, with punishment assessed at confinement in the penitentiary for two years.

Appellant was a deputy city marshall of the city of Blooming Grove, Texas. The killing, which appellant admitted, grew out of an arrest or an attempted arrest of the deceased and his companion.

The fact issue is whether the killing was in self-defense.

In the light of the questions presented for review, an extended statement of the facts is not deemed called for.

The offense was alleged to have been committed on March 5, 1949, in Navarro County. Two trials in that county failed of a final judgment. Appellant's motion for change of venue was granted, and the case was transferred to Ellis County, where the instant trial was begun on January 9, 1950, and conviction had.

Upon each of the former trials Raymond McGraw had testified for the state. His testimony supported the theory of the state and contradicted appellant's theory of self-defense.

Upon the trial of this case the witness McGraw was absent and the trial court permitted the state, over appellant's objection, to introduce in evidence, by reading from the transcription of the official court reporter made at the second trial, portions of the testimony of the witness.

The objection to such testimony was that a sufficient predicate had not been shown to authorize the reproduction of the testimony of the witness.

The trial court in his qualification to this bill of exception refers us to the entire statement of facts, and especially to the testimony of the witness Dorsey McGraw, which we quote in full, as follows:

"My name is Dorsey McGraw. Raymond McGraw is my brother. I work at Patterson's Grocery Store at Blooming Grove. I live there. Raymond McGraw left the State of Texas within the last six months. He left about three months ago, I would say. When he left he went to Louisiana. He was working over there. I heard from him over there. He left Louisiana about six or eight weeks ago and went to Ohio. I heard from him in Ohio. My mother got a letter from him yesterday. I got a letter from him about a month ago. He was living in *Willington,* Ohio, at that time. That is the same place he sent the letter to my mother from that she got yesterday. I do know that Mr. June Barnett did ask where Raymond was and said that he (June Barnett) did want to telephone him (Raymond McGraw) to ask him to come down here and testify in this trial. I didn't give him that information; who he was working for as I didn't know. I have the envelope with me addressed to my mother which she received yesterday from Raymond McGraw. (instrument was produced) Raymond McGraw is my brother and I am familiar with his handwriting. I am sure that is his handwriting."

The envelope referred to in this testimony shows to be addressed to "Mrs. H. G. McGraw, Blooming Grove, Texas, Gen. Del." and postmarked at Wilmington, Ohio, on January 6, 1950. It bears the return address of "R. McGraw, 467 N. Spring St., Wilmington, Ohio."

The witness June Barnett testified as follows:

"My name is June Barnett. I live near Dresden south of Blooming Grove, Texas. I am familiar with the time that subpoenas were gotten out about a couple of weeks ago for this trial. I made an attempt to telephone Raymond McGraw in the State of Ohio, which I was not able to do. The telephone operator failed to make the contact. I first went to his brother and asked him if he knew where he was. After I asked him that I went to the telephone office and I asked the operator there if they knew where Raymond McGraw was and then I tried to place a call and they couldn't find him. I did not listen in while the operators were trying to contact him."

The foregoing is all the testimony upon which the state relies

as furnishing the predicate for the admission in evidence of the testimony of the absent witness.

The right to reproduce before the jury the testimony of the absent witness rests upon that provision of Art. 749, C. C. P., which states that the witness shall have "removed beyond the limits of the State." Such right, being an exception to the constitutional guarantee that an accused is entitled to be confronted by the witness against him (Const., Art. 1, Sec. 10), must be established by the state.

It would serve no useful purpose to here attempt to review the numerous cases upon this question. It appears sufficient to say that the appellant relies upon the authority of Smith v. State, 142 Tex. Cr. R. 349, 152 S. W. 2d 751, and authorities therein cited and discussed, holding that "removal," within the meaning of the statute, means "permanently beyond the limits of the state," rather than mere temporary absence.

It is the contention of the state that the holding in the Smith case, supra, has been overruled by the cases of Conn v. State, 143 Tex. Cr. R. 367, 158 S. W. 2d 503, and Norton v. State, 148 Tex. Cr. R. 294, 186 S. W. 2d 347, and that permanent residence of the witness in another state is no longer necessary to be shown in order to constitute a predicate for the reproduction of the testimony of the absent witness.

If doubt remained that the permanent residence provision as announced in the Smith case, supra, had been overruled by the Conn case, supra, such was made definite by the Norton case, supra. In that case, facts showing the witness had secured employment in the state of California, where she had resided for six weeks, was held to be sufficient predicate to warrant the reproduction of the testimony of the absent witness.

In the instant case, the witness had been gone from this state for about three months. He went, first, to the state of Louisiana, where he secured employment. He left Louisiana and went to the state of Ohio some six or eight weeks before the trial of the case.

There is no testimony that the witness secured employment in the state of Ohio—which appears to be the distinguishing feature between the fact situations shown in the Conn and Norton cases, in each of which it was shown that the absent witness was at that time employed.

In the light of the holding in the Conn and Norton cases, supra, we are constrained to conclude that the trial court did not err in permitting the testimony of the absent witness to be reproduced and read to the jury upon the trial of this case.

The facts appear sufficient to show that, prior to the return of the indictment in this case, the deceased died as a result of the wound inflicted. Appellant's contrary contention is overruled.

By motion, appellant challenged the array of jurors. The motion did not establish the facts alleged therein. Evidence was introduced, which is brought forward, here, in question and answer form, and attached to and a part of the bill of exception, with no certificate of the trial judge that such question and answer form was necessary.

Under the authority of Art. 760, Sec. 3, C.C.P. we are precluded from considering the bill of exception.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

In his motion for rehearing, appellant complains of our disposition of his Bill of Exception No. 2, which bill is addressed to the question of the admissibility of the testimony of the witness Raymond McGraw as given on a former trial and reproduced upon the theory that the witness had subsequently removed beyond the limits of the state.

The testimony so reproduced was given by the witness at a former trial of this case on August 4, 1949, and the witness was cross-examined by appellant's counsel.

Appellant says that the evidence shows only a temporary absence of the witness from the state, and insists that the effect of our holding in the original opinion is that such an absence is a sufficient predicate for reproduction of the testimony of the absent witness under the statute (Arts. 749-750, C.C.P.).

It is true that in August, 1949, the witness testified that he resided in Blooming Grove, Texas. But the evidence given on

the trial in January, 1950, by the brother of the witness, as quoted in our original opinion, was that the witness left Texas about three months before the trial and went to Louisiana where he worked; that he left Louisiana 6 or 8 weeks before the trial and went to Ohio from which state a letter was mailed to the brother and received by him a month before the trial, and another letter from the same place was received by the witness' mother the day before the trial. The brother testified: "He was living in Willington, Ohio, at that time. That is the same place he sent the letter to my mother from that she got yesterday."

Whether a witness has "removed from the State" as that term is used in the statutes depends upon the facts and circumstances of each particular case.

The proof, showing that the witness had been absent from this state for some three months and that he was "living" in Ohio, was sufficient as a predicate for the reproduction of the witness' testimony on a former trial. It is not required that the state establish that the witness is permanently gone beyond the limits of the state and that he never intends to return. A mere temporary absence such as absence on a business or pleasure trip of a temporary nature, however, is insufficient.

Upon further consideration, we withdraw the statement in our original opinion to the effect that the holding in Smith v. State, 142 Tex. Cr. R. 349, 152 S.W. 2d 751, was overruled by the later cases of Conn v. State, 143 Tex. Cr. R. 367, 158 S.W. 2d 503, and Norton v. State, 148 Tex. Cr. R. 294, 186 S.W. 2d 347.

Though the strictness of the rule regarding proof of the removal of a witness from the state as a predicate for the reproduction of his testimony given at a former trial appears to have been somewhat relaxed in the Conn and Norton cases, this court has adhered to the rule stated in Brent v. State, 89 Tex. Cr. R. 544, 232 S.W. 845, and quoted in Norton v. State, supra, to the effect that where the proof shows that the witness is temporarily absent from the state, as on a journey which in the ordinary course of things will be ended by return, the predicate is insufficient, but when the residence of the witness is shown as outside the state, and his return is indefinite, the prior testimony may be received.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.