**A. D. WHITEHEAD, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41483.**

Court of Criminal Appeals of Texas.

Oct. 9, 1968.

On Rehearing Dec. 18, 1968.

Rehearing Denied June 25, 1969.

Second Rehearing Denied Sept. 22, 1969.

Third Rehearing Denied Nov. 12, 1969.

Murray, J. Howze, Monahans, for appellant.

Barton Boling, Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The question presented by this appeal is whether the State laid a sufficient predicate to authorize the introduction of an absent witness' testimony given at a former trial as an exception to constitutional right of confrontation guaranteed by both the state and federal Constitutions. Art. I, Sec. 10, Texas Constitution, Vernon's Ann.St.; Sixth Amendment, United States Constitution.

The offense is murder without malice; the punishment, assessed by the jury, five (5) years confinement in the Texas Department of Corrections.

In view of our disposition of this cause, it will not be necessary to set forth the facts of the case. The indictment charges the appellant with the shooting death of Arthur Peel on or about the twelfth day of March, 1966. The record reflects that the first trial of this cause resulted in a mistrial as a result of a hung jury, and this appeal is from the conviction at the second trial.

In his fourth ground of error, the appellant contends the trial court erred in allowing the district attorney to read the purported testimony of Cecil E. Porter, Jr., given at the prior trial over his objection that the State failed to lay the proper predicate to make such testimony admissible, including his observation that the State had not availed itself of the Uniform Act to

Secure the Attendance of Witnesses from Without the State in Criminal Proceedings. See Art. 24.28, Vernon's Ann.C.C.P.

If a witness has once testified in a case, on a preliminary hearing or on a former trial, and the accused was present and had the opportunity to cross-examine the witness, and such witness has since died, or resided out of the state, or has removed beyond the limits of the state, or cannot attend the trial by reason of age or bodily infirmity, or has been prevented from attending court through the act or agency of the other party, his testimony may be reproduced on a subsequent trial of the same case if the proper predicate be laid for its admission. See Article 39.01, V.A.C.C.P.; 1 Branch's Ann.P.C.2d Ed., Sec. 98, p. 110. To be admissible it must be shown that the witness' testimony at the former trial or hearing was given under oath, that it was competent, that the accused was present and had an adequate opportunity to cross-examine him through counsel, that the accused was the defendant at the former trial or hearing upon the same charge. See 24 Tex.Jur.2d, Sec. 698, p. 337; Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. Such predicate must be clearly and satisfactorily established before such testimony can be reproduced. 1 Branch's Ann.P.C.2d Ed., Sec. 99, p. 112.

This traditional exception to the confrontation requirement where the witness is unavailable and has given testimony at a previous judicial proceeding against the same accused which was subject to cross-examination by him "has been explained as arising from necessity and justified on the ground that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement. See 5 Wigmore, Evidence, §§ 1395–1396, 1402 (3d ed 1940); McCormick, Evidence, §§ 231, 234 (1954)." Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255.

Where the State seeks to reproduce testimony of an absent witness given at a

former trial it has the burden of establishing an exception to the right of confrontation. Cumpston v. State, 155 Tex. Cr.R. 385, 235 S.W.2d 446.

In the case at bar the district attorney elicited from one of his witnesses, W. A. Harris, that Cecil Porter was in the State of Nevada where he worked and resided. Then, without further predicate or any showing that the witness was in fact unavailable to the State, and over objection, the district attorney read to the jury what he said was the testimony of Cecil Porter, Jr., given on direct examination at the former trial. Such eye witness testimony related to the shooting of the deceased outside the Valley Bar and was material and most damaging to the appellant.

Among other things it is appellant's contention that in attempting to lay the predicate for the introduction of this testimony the State failed to sufficiently show that the absent witness resided out of state and that his return was indefinite, citing Cumpston v. State, supra, and Brent v. State, 89 Tex.Cr.R. 544, 232 S.W. 845. Further, he urges that since the State resorted to the use of a purported transcription of the witness' testimony at a former trial, it was incumbent on the prosecutor to first have such transcription properly identified and its accuracy sworn to. See Dowd v. State, 52 Tex.Cr.R. 563, 108 S.W. 398; Franklin v. State, 62 Tex.Cr.R. 433, 138 S.W. 112; Eads v. State, 74 Tex.Cr.R. 628, 170 S.W. 145; Serna v. State, 110 Tex.Cr.R. 220, 7 S.W.2d 543; Young v. State, 82 Tex.Cr. R. 257, 199 S.W. 479.

We need not evaluate these matters for in light of Barber v. Page, supra, another "defect" in the attempted predicate clearly calls for reversal.

Recognizing the traditional exception to the confrontation requirement where a witness is unavailable and has given testimony at a previous judicial proceeding against the same defendant which was subject to cross-examination, the Supreme Court neverthe-less held that "a witness is not 'unavailable' for the purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." At Barber's Oklahoma state trial for robbery, the prosecution, over objection, introduced the transcript of the testimony of a witness who was jointly charged with him, given at the preliminary hearing, at which Barber and the witness were jointly represented by the same counsel, who withdrew as the witness' attorney when such witness waived his self-incrimination privilege. Such counsel did not cross-examine such witness although an attorney for another co-defendant did. At the time of Barber's trial the witness was incarcerated in a federal prison in Texas, and the State made no effort to obtain his presence at the trial. His conviction was affirmed by the Oklahoma Court of Criminal Appeals. On certiorari from the Tenth Circuit Court of Appeals' affirmance (381 F.2d 479) of the federal district court's rejection of Barber's habeas corpus claim of a confrontation denial, the United States Supreme Court reversed, holding that the use against Barber at his trial of the witness' preliminary hearing testimony deprived him of his Sixth and Fourteenth Amendment rights to be confronted with the witness against him at his trial.

Making the result unanimous, Mr. Justice Harlan concurred in a separate opinion on the premises of his view that the case was governed by the due process clause of the Fourteenth Amendment, stating he agreed that the State's failure to attempt to obtain the presence of the witness denied the petitioner due process.

In Barber the Court noted that "various courts and commentators have heretofore assumed that the mere absence of a witness from the jurisdiction was sufficient ground for dispensing with confrontation on the theory that 'it is impossible to compel his attendance because the process of the trial Court is of no force without the jurisdiction, and the party desiring this testimony

is therefore helpless.' 5 Wigmore, Evidence, § 1404 (3d ed 1940)."

Discounting the present accuracy of that theory the Court called attention to provisions of 28 U.S.C. § 2241(c) (5) giving the federal courts power to issue a writ of habeas corpus ad testificandum at the request of state prosecutorial authorities for prospective witnesses currently in federal custody, and the policy of United States Bureau of Prisons to permit federal prisoners to testify in state court pursuant to state issued writs of habeas corpus ad testificandum. As to witnesses not in prison, attention was called to the Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Proceedings. See footnote 4; See also 9 Uniform Laws Ann., p. 50 (1967 Supp.).

In the case at bar as in Barber, the State made no good-faith effort to obtain the absent witness and so far as this record reveals, the said Uniform Act being in force in Nevada[1] and Texas,[2] the sole reason why Porter was not present was because the State did not attempt to seek his presence. "The right of confrontation may not be dispensed with so lightly." Barber v. Page, supra.

In Webb v. State, 160 Tex.Cr.R. 144, 268 S.W.2d 136, it was recognized that the exercise of diligence is not required of either the State or an accused before taking advantage of the right to reproduce testimony of a witness out of state, and no showing need be made that either party availed themself of the said Uniform Act to Secure Attendance of Witnesses from Without the State in Criminal Proceedings. To the extent of any conflict Webb v. State, supra, and cases following it[3] are overruled by the United States Supreme Court decision in Barber v. Page, supra.

1. N.R.S. 178.295–178.320.

2. Article 24.28, V.A.C.C.P., 1965.

3. Cf. Pointer v. State, Tex.Cr.App., 375 S.W.2d 293, overruled on other grounds,

Therefore, it is clear that in the case at bar the State was not only required to show that the absent witness resided out of state and that his return was indefinite as opposed to a temporary absence but to demonstrate a good-faith attempt to obtain his presence at the trial. This the State did not do. See Holman v. Washington, 5th Cir., 364 F.2d 618; Government of the Virgin Islands v. Aquino, et al., 3rd Cir., 378 F.2d 540.

The jdugment is reversed and cause remanded.

## OPINION ON STATE'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

Upon re-examination of appellant's fourth ground of error, in light of state's motion for rehearing and brief, we have concluded that under the record Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed. 2d 255, does not support our holding that the trial court erred in allowing the district attorney to read from the transcription of the court reporter's notes, over appellant's objection that the state failed to lay a proper predicate, the testimony of the witness Cecil Porter.

The state points out that the trial at which the testimony was reproduced was on January 30 to February 1, 1967. Barber v. Page, supra, was decided more than a year later (April 23, 1968).

Appellant's brief assigning error was filed in the trial court on April 1, 1968 (3 weeks prior to Barber v. Page).

Art. 39.01 V.A.C.C.P. provides in part that testimony of a witness "taken at any prior trial of the defendant for the same offense, may be used by either the State

Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. See also 391 S.W.2d 62.

or the defendant in the trial of such defendant's criminal case * * *. When oath is made by the party using the same that the witness resides outside the State; or that since his testimony was taken, the witness has died, or that he has removed beyond the limits of the State, * * *." When the testimony is sought to be used by the state, the oath may be made by any credible person."

The Witness Harris testified that Cecil Porter was "in Nevada," "works there," lives in Mina, Nevada—"That's where he resides."

After the Witness Harris left the stand and a recess had been taken, the District Attorney offered into evidence "the testimony that was given by Mr. Cecil Porter at a prior trial of this matter held on April 25, of 1966, it having been shown that he is a resident of Nevada and works in Nevada."

The objection which the court overruled before the testimony of the absent witness was read was:

"Your Honor, please, the defendant is going to object to reading the testimony for the reason the proper predicate has not been laid for its admission. No attempt, as far as the record *is,* has been made to have Mr. Porter here. We had no notice that *this* was going to attempt to read the deposition. There's been no application as far as we know to the Judge for certificate to have him appear here as a witness, assuming the State of Nevada *is past* the Uniform Out of the State Witness Act, and just the proper predicate has not been laid for the simple—one State witness testifies another one is off somewhere else does not authorize them to read testimony of a prior trial. We're going to object to it until the State has complied with the law and until a proper predicate has been laid for its admission."

The record reflects that counsel for appellant waived any complaint as to whether the testimony given at the prior trial was correctly transcribed and correctly read to the jury when he agreed that the court reporter correctly transcribed the testimony, and the testimony admitted was that read from the statement of facts at the former trial which transcript he had purchased and had used in cross-examining witnesses at the second trial.

The Witness Porter was examined and cross-examined at the former trial by the same counsel that represented the state and the appellant at his second trial for the same offense at which his prior testimony was reproduced.

There remains the question of whether the holding of the Supreme Court in Barber v. Page, supra, should be applied retroactively, and if so, whether such decision is to be applied where, as here, the testimony of the absent witness which was reproduced was given at a former trial, "a full-fledged hearing at which petitioner (the defendant) had been represented by counsel who had been given a complete and adequate opportunity to cross-examine * * *." (quote from Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L. Ed.2d 923)

The Supreme Court pointed out in Pointer v. State of Texas, supra, that "(i)t cannot seriously be doubted at this late date that the right to cross-examine is included in the right of an accused in a criminal case to confront the witnesses against him," and also stated "(t)he case before us would be quite a different one had Phillips' statement been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine." Barber v. Page, supra, is also a case where the testimony taken was at a preliminary hearing.

The following language from the Barber opinion makes it clear that the decision closely parallels the earlier decision of Pointer:

"The right to confrontation is basically a trial right. It includes both the oppor-

tunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness. *A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial,* simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial." (emphasis added)

The predicate was sufficient and the trial court did not err in permitting the reproduction of Porter's testimony.

The state's motion for rehearing is granted; the reversal is set aside, and the judgment is affirmed.

## ON STATE'S MOTION FOR REHEARING

ONION, Judge (dissenting).

I remain convinced that this cause was properly disposed of on original submission.

On re-hearing the majority takes the position that what transpired after both sides closed, consisting mainly of a colloquy at the bench, constituted a waiver by appellant's counsel as to the proper predicate for reproduction of the testimony from the former trial. I had thought it had been made clear on original submission that these claims need not be evaluated since Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255, controlled the disposition of this cause.

The question presented by this appeal is whether the State, in light of Barber, laid a sufficient predicate to authorize the introduction of an absent witness' testimony given at a former trial as an exception to the constitutional right of confrontation.·

The majority misreads Barber. They confuse the issue and apparently view it as a problem as to whether there is a sufficient distinction between testimony elicited at an examining trial or preliminary hearing and

testimony elicited at a former trial on the merits to cause a reversal of this conviction on the basis that appellant was denied his constitutional right of confrontation of the witness. They apparently hold that the "good faith" effort required by Barber is a necessary part of the predicate only when the testimony sought to be reproduced was given at an examining trial and has no application when the reproduced testimony comes from a former trial. This is clearly wrong.

In Barber, after discussing the fact that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal, the Supreme Court said:

"It is true that there has traditionally been an exception to the confrontation requirement where a witness is unavailable and has given testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant. E. g., Mattox v. United States, supra (witnesses who testified in original trial died prior to the second trial). This exception has been explained as arising from necessity and justified on the ground that the right of cross-examination initally afforded provides substantial compliance with the purposes behind the confrontation requirement. See 5 Wigmore, Evidence §§ 1395–1396, 1402 (3d ed 1940); McCormick, Evidence §§ 231, 234 (1954)."

In Barber, much like the case at bar, the State argued that the transcript used was within the foregoing exception on the grounds that the witness was outside the jurisdiction and therefore "unavailable" at the time of the trial and right of cross-examination was afforded the accused at the former judicial proceeding or had been waived.

Assuming that Barber had waived his right to cross examine at the former judicial proceeding, the Court held that none-

theless "a witness is not 'unavailable' for the purposes of the foregoing exception to the confrontation requirement unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." Therefore, the transcript in Barber was improperly used.

In Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, the Court did not concern itself with the unavailability of the absent witness. They simply mentioned that it had been shown by the State that the witness had moved to California and did not intend to return to Texas. What the Court held in Pointer was that the constitutional right of an accused to be confronted with the witnesses against him is denied at a state criminal trial where the examining trial transcript of a witness' testimony was admitted into evidence and this testimony was taken at a time and under circumstances affording the accused no adequate opportunity to cross examine the witness through counsel.

As I read Barber and Pointer, the State, to bring itself within the exception to the confrontation requirement, must show that the witness is still "unavailable" after a good faith effort to obtain his presence and further must show that the transcript offered was taken at a former judicial proceeding at a time and under circumstances affording the accused an adequate opportunity to cross examine the witness through counsel. If the predicate is deficient in either respect the exception is not applicable. These cases can by no means be limited to the use of examining trial testimony. Cf. Holman v. Washington, 364 F.2d 618 (CA5th Cir., 1966) (involving use of testimony from former trial). Therefore, I still remain convinced that the State, having made no good faith effort to obtain the witness Porter in the case at bar, has not brought itself within the exception.

Where the majority misses the turn in the road is that after the court had reached its decision in Barber upon the assumption that Barber had waived his right of cross-examination at the preliminary hearing, it turned aside to answer the State's contention that Barber had entirely waived his right of confrontation *at the trial* by not cross examining the witness at the preliminary hearing.

The Court quickly found such contention untenable and no affirmative waiver, in fact, of the constitutional right of confrontation.

Then the Court added:

"Moreover, we would reach the same result on the facts of this case had petitioner's counsel actually cross-examined Woods at the preliminary hearing. See Motes v. United States, 178 U.S. 458, 20 S.Ct. 993, 44 L.Ed. 1150 (1900). The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial, simply because its function is the more limited one of determining whether probable cause exists to hold the accused for trial. While there may be some justification for holding that the opportunity for cross-examination of testimony at a preliminary hearing satisfies the demands of the confrontation clause *where the witness is shown to be actually unavailable,* this is not, as we have pointed out, such a case." (Emphasis Supplied)

Like the Oklahoma Court of Criminal Appeals, I do not read such language or decision as precluding at this time the use of such preliminary hearing or examining trial testimony taken under proper circumstances where there is also a showing that the witness is actually unavailable after a good faith effort to secure his presence at the trial. See In Re Bishop, 443 P.2d 768. I do interpret such language as showing the court's concern as to the disparity between the goals which motivate

the production of direct evidence by the prosecution and cross-examination by the accused at the preliminary hearing and the goals which motivate the production of evidence by both sides at the trial on the merits when the court is called upon to determine if the exception to confrontation requirement may be utilized.

It is noted that the court cited the opinion of the Third Circuit Court of Appeals in Government of the Virgin Islands v. Aguino, 378 F.2d 540, where this subject is discussed at length at page 549.

Nothing in these cases, however, can be interpreted as meaning that a diligent and good faith effort to secure the witness' presence at the trial need not be shown merely because the testimony he sought to reproduce was elicited at a former trial as opposed to a preliminary hearing.

It is further observed tht the majority raises the question of the retroactivity of Barber, but does not attempt to answer it. If it be the position of the majority that Barber is not to be applied retroactively, I disagree.

The Supreme Court has accepted the principle that today in criminal litigation concerning constitutional claims the Court may in the interest of justice make the rule prospective where the exigencies of the situation require such an application.[1] Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; Tehan v. U. S. ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453; Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. In short, the Court has held that the Constitution neither prohibits nor requires retrospective effect of a new constitutional rule.

Since the petitioners' attack in Barber was by collateral proceedings, the very nature of the Court's decision indicates a retroactive application. A ruling that is purely prospective does not even apply to the parties before the court, Linkletter v. Walker, supra, and nothing in Barber indicates that the petitioners were to be given the benefit of such ruling as "an unavoidable consequence of the necessity that constitutional adjudications not stand as mere dictum." Stovall v. Denno, supra.

The principle of Barber goes to the very integrity of the truth-determining process at the trial. This is not unlike Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, and Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed. 2d 114; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, which for the same reason have all been given full retroactive application. See also McConnell v. Rhay, Stilner v. Rhay, 4 Cr.L. 4040; Crawford v. State, 435 S.W.2d 148; concurring opinion in Ex parte Thomas, Tex. Cr.App., 429 S.W.2d 151.

Further, the Oklahoma Court of Criminal Appeals has granted habeas corpus relief to a codefendant of Barber, who was tried separately citing and relying upon Barber v. Page. In Re Bishop, 443 P.2d 768; Cf. also Evans v. Dutton, 400 F.2d 826 (CA5th Cir.).

It is most important to observe that in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 467, the Supreme Court overruled Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed 2d 278, and held that, despite instructions to the jury to disregard the implicating statements in determining the codefendant's guilt or innocence, admission at a joint trial of a defendant's extrajudicial confession implicating a codefendant vio-

---

1. "The criteria guiding resolution of the question implicates (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199.

lated the codefendant's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment. In so holding, the Court relied upon Pointer v. State of Texas, supra.

Then subsequently, the Supreme Court in Robert v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, held Bruton to be retroactive and applicable to state criminal proceedings. There the Court said:

"'We have * * * retroactively applied rules of criminal procedure fashioned to correct serious flaws in the fact-finding process at trial.'" Stovall v. Denno, 388 U.S. 293, 298, 87 S.Ct. 1967, 18 L.Ed.2d 1199, 1204. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733; Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541, 6 L.Ed.2d 948; Linkletter v. Walker, 381 U.S. 618, 639, n. 20, 85 S.Ct. 1731, 14 L. Ed.2d 601, 614; Johnson v. State of New Jersey, 384 U.S. 719, 727–728, 86 S.Ct. 1772, 16 L.Ed.2d 882, 888, 889; compare Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314. Despite the cautionary instruction, the admission of a defendant's confession which implicates a codefendant results in such a 'serious flaw.' The retroactivity of the holding in Bruton is therefore required; the error 'went to the basis of fair hearing and trial because the procedural apparatus never assured the [petitioner] a fair determination' of his guilt or innocence. Linkletter v. Walker, supra, at 639, n. 20, 85 S.Ct. at 1743, 14 L.Ed.2d at 614."

For these reasons this writer concludes that neither the reliance of the law enforcement officials, Cf. Tehan v. U. S. ex rel. Shott, supra, and Johnson v. New Jersey, supra, nor the impact of a retroactive holding on the administration of justice, Cf. Stovall v. Denno, supra, warrants a decision against the fully retroactive application of Barber. See Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, footnote 22, 20 L.Ed.2d 776.

I, therefore, cannot reach any other satisfactory conclusion in my own mind except that Barber must be applied retroactively.

By their opinion on re-hearing the majority has only muddied the water, and the bench and bar are left to wonder about the true application of Barber v. Page, supra. This I truly regret.

I vigorously dissent.

## ON STATE'S MOTION FOR REHEARING

MORRISON, Judge (dissenting).

I concur with that portion of Judge Onion's dissent in which he calls attention to the fact that the rule in Bruton v. United States, supra, has been given retroactive effect by the holding in Roberts v. Russell, supra.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

Since the rendition of our prior opinions, the Supreme Court of the United States has handed down opinions in two cases which we deem pertinent to the disposition of the case at bar. In Berger v. California, 393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508 (January 13, 1969), the Court gave Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255, fully retroactive application. Barber is thus applicable to this case. In Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (June 9, 1969), the petitioner's lack of opportunity to cross-examine two co-defendants whose confessions were introduced in evidence, which practice the Court denounced in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, was held to constitute harmless error under

the rule set out in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. Both Bruton and Barber involve the 6th Amendment right of an accused to confront the witnesses against him, and the application of Chapman to Bruton applies with equal force to Barber. What remains to be resolved in this case is whether, under the facts of this case and under the Chapman and Harrington tests, the introduction of Porter's testimony given at a prior trial constituted reversible error.

At appellant's trial, two disinterested witnesses, in addition to Porter, testified that they saw appellant shoot the deceased under conditions which would negative self-defense. We perceive no taint upon their testimony. This case, as was Harrington's, was not one of circumstantial evidence. Based on this record we cannot say that the violation of Barber in admitting Porter's previous testimony requires a reversal of this conviction.

We will now discuss the additional grounds of error raised in appellant's original brief. We overrule appellant's contention that the State failed to show the cause of death. The two untainted witnesses testified that appellant shot the deceased with a pistol from a few feet away. The evidence that deceased was alive before being shot by appellant and after the shooting was dead at the scene has been held by this Court to be sufficient in Tellez v. State, 162 Tex.Cr.R. 456, 286 S.W.2d 154.

We find no merit in appellant's objection to the court's charge on the ground that it failed to require the jury to find the specific intent to kill. We quote from our opinion in Tapley v. State, 158 Tex.Cr.R. 495, 256 S.W.2d 583, as follows:

"To say that even though an accused pointed a deadly weapon directly at the injured party and fired the same, but that in doing so he did not intend to kill, would be bordering on an absurdity."

Appellant's third ground of error is that the court failed completely to charge the jury on the law of self-defense. No objection to the form of the charge was made. We have examined the court's charge and it contains all the requisite elements of the law of self-defense and instructs the jury to acquit if they find that appellant acted in his own self-defense from real or apparent danger.

Appellant's last ground of error is based on alleged jury misconduct. Appellant offered the testimony of a juror and her affidavit and the State offered the affidavits of eight jurors which were diametrically opposed to that offered by appellant as to what occurred in the jury room.

In Walton v. State, Tex.Cr.App., 398 S.W.2d 555, we said:

"It has been the consistent ruling of this Court that where an issue of fact is drawn as to what occurred in the jury room, the proper tribunal to decide that issue is the trial judge, who hears the witnesses."

Appellant's motion for rehearing is overruled.

GRIFFIN, Special Judge, joins in this opinion.

CONCURRING OPINION ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, P. J., and BELCHER, J., concur in the overruling of appellant's motion for rehearing for the reasons set out in the majority opinion granting the state's motion for rehearing. See Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.

CONCURRING OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Judge.

On original submission this Court unanimously reversed the case at bar apply-

ing Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255. On the State's motion for rehearing the majority, like Delilah, shaved Barber rendering it shorn like Samson of its natural strength. Such action limited the application of Barber to the reproduction of testimony from a preliminary hearing or examining trial and questioned its retroactivity. To such tonsorial approach this writer dissented pointing out his reasons for holding Barber retroactive. These opinions on the State's motion for rehearing were handed down on December 18, 1968.

On January 13, 1969, the United States Supreme Court in Berger v. California, 393 U.S. 314, 89 S.Ct. 540, 21 L.Ed.2d 508, held that Barber must be given retroactive application.

In Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, the United States Supreme Court, only this month, held that the Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, error, there presented, was harmless constitutional error in light of the record before the court.

In view of Harrington and further consideration of the record in the case at bar, I am now convinced that while an error of constitutional dimension occurred that it was harmless constitutional error.

The case at bar was not based upon circumstantial evidence, the "unavailable" witness Porter was not the sole incriminating witness for the State, the fact that appellant shot the deceased was not disputed, and the appellant and his father subsequently testified and corroborated in essence the missing witness' testimony.

The dissenting Justices in Harrington accused the majority of shifting the inquiry, in determining harmless error, from whether the constitutional error contributed to the conviction to whether the untainted evidence provided "overwhelming" support for the conviction. Under

either inquiry I conclude that error here was harmless error beyond a reasonable doubt given the setting of this particular case.

I therefore join Judge Morrison and Special Judge Griffin in their disposition of this cause.

I would caution, however, against any interpretation that merely because the tainted evidence is cumulative the error is harmless.

In Harrington the Court stated:

"We do not depart from Chapman; nor do we dilute it by inference. We reaffirm it. *We do not suggest that, if evidence bearing on all the ingredients of the crime is tendered, the use of cumulative evidence, though tainted, is harmless error.* Our decision is based on the evidence in this record." (Emphasis supplied)

For the reasons stated, I concur in overruling appellant's motion for rehearing.

MORRISON, J., joins in this caution.

## OPINION ON APPELLANT'S SECOND MOTION FOR REHEARING

MORRISON, Judge.

By supplemental transcript, our attention is called for the first time to the fact that the clerk of the trial court had included in this record of the appeal a charge which had been given in a prior trial of this appellant, and did not include the one given in the trial.

The writer referred to the prior charge which contained a charge on self-defense and, therefore, did not discuss appellant's contention sufficiently.

Appellant's objection to the court's charge is now before us. In order to pass upon the necessity for the giving of

a charge, we need only quote briefly from appellant's brief on original submission:

"Defendant maintained strongly that he did not intend to kill the deceased. He consistently testified that his gun discharged accidentally and unintentionally."

We quote a portion of appellant's testimony:

"Q. You never intended to pull that trigger; you never intended to kill Art Peel?

A. No, sir, I never intended to kill him.

\* \* \* \* \* \*

Q. You didn't want to hurt him, either, though, did you?

A. I didn't want to kill him.

Q. Did you intentionally pull the trigger or not? That's what I am trying to find out.

A. No, sir, I never had it in my mind. I flenched and the gun went off."

The record reflects that there had been no animosity between appellant and deceased. All the ill feelings were between one T. L. Adams and appellant's father and then to appellant. No one testified that the deceased was armed. Appellant's father, who witnessed the shooting, testified in part as follows:

"Q. And you didn't think did you, down there that Art Peel was going to kill your son or cause him any serious bodily injury or anything, did you?

A. No.

Q. The question is, was there anything there that appeared that he was either going to kill your son or inflict serious bodily injury to him?

A. No."

The trial court charged on the defense of the accident, and we have concluded that such a charge was consistent with appellant's defense and that a charge on self-defense was not called for by the evidence.

Having so concluded appellant's second motion for rehearing is overruled.