**Martin Quintana SIAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46068.**

Court of Criminal Appeals of Texas.

June 13, 1973.

Luther Jones, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and David R. Rosado, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for aggravated assault. The indictment alleged murder with malice, the jury found on the lesser included offense and assessed punishment at two years' confinement and a fine of $1000.

Appellant's sole ground of error is the trial court's failure to include the issue of self-defense in its charge to the jury.

The record contains much conflicting testimony. However, it is clear from the evidence that on April 1, 1971, at about 2:30 a. m., a fight occurred outside the Senorial Bar in El Paso. During the affray, two men were stabbed, one of them died within thirty minutes of the occurrence. The evidence shows that two groups of men left the bar with no previous animosity on the evening in question. Both groups had gone to their respective automobiles except for the deceased who stopped at appellant's car and asked Rudy Mendoza, a passenger therein, for a cigarette. A dispute followed and appellant and Rudy Mendoza got out of his car and went toward the deceased. The deceased's friends jumped out of their car and, in the struggle that followed, deceased and a companion, Louis Lopez, were stabbed.

The State's witnesses, Vicente Garcia and Louis Lopez, testified that, while the deceased was backing up from the automobile, the appellant kept swinging at him with a knife. Garcia testified that as he and Lopez grabbed the stumbling deceased by the arms, appellant kicked the deceased and both the appellant and Rudy Mendoza swung at the deceased with their knives. Louis Lopez testified that at no time did he see a knife or a screwdriver in deceased's hand.

Appellant testified that the deceased came to his car and asked for a cigarette. After Rudy Mendoza had told deceased that they did not have any cigarettes, the deceased kept "bugging" Rudy for a cigarette and he then leaned across the car and told the deceased to leave. He related that the deceased reached through the window and across Mendoza and stabbed him in the face just below the eye with a screwdriver.

Thinking that the deceased might be going to his car to get other tools, a knife or a gun, appellant jumped out of his car with his knife open to ask deceased why he had jabbed him. He further testified that he closed his knife when he saw how unstable deceased was from drinking. (The evidence shows that the deceased was lame and was intoxicated. His blood contained .40 percent alcohol.) He also related that he cut his own finger while closing the knife and that he continued to attempt to kick the screwdriver out of deceased's hand. Appellant stated that he felt he did not need a knife to defend himself against the deceased nor was he afraid of deceased after he got out of the car, but that he did not stab the deceased even though he had taken a swing at him earlier with his knife.

Appellant called his three companions as witnesses. Co-defendant Rudy Mendoza refused to testify and Andrew Lopez testified that he was too drunk to remember anything. Francisco Martinez testified that the deceased had something in his hand, but did not testify as to seeing the deceased stab appellant. He also stated that, in the scuffle that ensued, Rudy had stabbed the deceased as he saw Rudy hit the deceased in the stomach and upon his return to the car heard him say, "I stabbed him."

The court, in its charge on aggravated assault, required the jury to find that appellant stabbed the deceased with a knife before it could convict. The court did not charge on the theory of principals.

The trial court apparently relied upon the reasoning in James v. State, Tex.Cr.App., 33 S.W. 342, where this Court stated:

"We fail to find evidence upon which the theory of self-defense can be predicated in this case. If we look to the testimony of the State, the case was at least murder. If we look to the testimony of the appellant, he is guilty of no offense."

In the relatively recent case of Whitehead v. State, 450 S.W.2d 72, this Court in an opinion by Judge Morrison on motion for rehearing held it was not error to refuse to give a charge on self-defense where the defendant testified that the killing was an accident and he had nothing to fear from the deceased. See also Robbins v. State, 162 Tex.Cr.R. 107, 282 S.W.2d 711.

In the present case the appellant testified he did not fear the deceased at the time he was stabbed and denied any part in the stabbing.

To reverse this case would require this Court to furnish evidence not in the record, and then reverse for not charging thereon.

No error is shown. The judgment is affirmed.

ROBERTS, J., not participating.